UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

DAVID L. COUNTS,

               Plaintiff,

       vs.

KELLIE WASKO, in her individual and
official capacities; BRENT FLUKE, in
his individual and official capacities;
ALEJANDRO REYES, in his individual
capacity; REBECCA SCHIEFFER, in her
individual capacity; ROB CARUNA, in
his individual capacity; MARK
STOEBNER, in his individual capacity;
TRAVIS TJEERDSMA, in his individual
capacity; LAINE SCHRYVERS, in his
individual capacity; TAMMY DOYLE, in
her individual capacity; MIKE DOYLE,
in his individual capacity; TONY
SHELBURG, in his individual capacity;
LEE KAUFENBERG, in his individual
capacity; KIM HALVERSON, in her
individual capacity; DR. AARON
HAYNES, in his official and individual
capacities; KRIS VENOSDEL, in his
individual capacity; TIFFANY VOIGT, in
her individual capacity; GTL
TECHNOLOGY, aka ViaPath
Technology, in its individual capacity;
JENNIFER WILSON, in her individual
capacity; STEPHANIE HAMILTON, in
her individual capacity; KARRISA
ZIMMER, in her individual capacity;
BRENDA MUDDER, in her individual
capacity; TRACY FISHER, in her
individual capacity; CANDICE FEJFAR,
in her individual capacity; BRITTNEY
MCGRATH, in her individual capacity;
DAYNA KLAWITTER, in her individual
capacity; JANELLE BASTEMEYER, in

| | |
|---|---|
| | 4:23-CV-04103-KES |
| | |
| | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR COURT INTERVENTION, GRANTING SHELBURG'S MOTION TO DISMISS, GRANTING IN PART AND DENYING IN PART THE STATE DEFENDANTS' MOTION TO DISMISS, AND DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS |

her individual capacity; AMANDA
DEJONG, in her individual capacity;
ELIZABETH PAUL, in her individual
capacity; RACHEL TYCZ, in her
individual capacity; STEPHEN BAKER,
in his individual capacity; CASSIE
DEFENBAUGH, in her individual and
official capacities; MARRY [sic]
CARPENTER, in her individual
capacity; BRITTNEY LENGKEEK, in her
individual and official capacities; DR.
MELVIN WALLINGA, in his official and
individual capacities; ARAMARK FOOD
SERVICES, in its official capacity;
UNKNOWN DOC EMPLOYEES, in their
individual and official capacities;
UNKNOWN DEPARTMENT OF HEALTH
EMPLOYEES, in their individual and
official capacities; UNKNOWN DOC
CONTRACTORS, in their individual and
official capacities; AUDRA STROM, in
her individual capacity; ROBYN STOLZ,
in her individual capacity; VANESSA
GEBES, in her individual capacity; DEB
EILERS, in her individual capacity;
ADDYSON AGUIRRE, in her individual
and official capacities; CARISSA
WAREMBOURG, in her individual
capacity; KIM LIPPINCOTT, in her
individual capacity; JOSEPHINE
PECHOUS, in her individual and official
capacities; TABITHA LARSEN, in her
individual and official capacities;
SUMMIT FOOD SERVICE; and KELLY
TJEERDSMA, in her individual and
official capacities,

Defendants

Plaintiff, David L. Counts, filed a pro se civil rights lawsuit under 42

U.S.C. § 1983 and 42 U.S.C. § 1985. Docket 1. When this action was

commenced, Counts was an inmate at Mike Durfee State Prison (MDSP)

2

(Docket 1 at 1), but he has been transferred to the South Dakota State Penitentiary (SDSP) (Docket 19). This court granted Counts leave to proceed in forma pauperis and ordered him to pay an initial filing fee. Docket 9. After Counts paid his initial partial filing fee, the court screened Counts's complaint and supplements, dismissing it in part and directing service on the remaining defendants. *See* Docket 20 at 81–83. Some of the remaining defendants have not yet been served, and Counts seeks court intervention to permit him to accomplish service. *See* Docket 46. Current and former employees of the Department of Corrections (DOC) who have been served move to dismiss Counts's complaint and supplements, in part, for failure to state a claim upon which relief can be granted. *See* Dockets 49, 73. The court now considers these motions along with some of Counts's miscellaneous motions.

## I.    Counts's Motion for Court Intervention

Counts has filed a "Motion for Court Intervention" requesting that the court direct the South Dakota Attorney General's office to provide to him addresses for nine defendants who were formerly employed at MDSP and had not yet been served when Counts filed his motion. Docket 46. None of the defendants have responded to Counts's motion. Three of the nine defendants whose addresses Counts seeks have now been served. *See* Docket 82 (return of service on defendant Fisher); Docket 110 at 7–9 (return of service on defendant

Schryvers[1]); Docket 110 at 1–3 (return of service on defendant DeJong). Thus, Counts's motion is denied in part as moot.

To the extent Counts seeks current contact information for former employees of the DOC, Counts's motion is denied. Because of security concerns, the court declines to direct the South Dakota Attorney General's office or the counsel who has been retained to represent current and former employees of the DOC in this matter to provide current contact information for any former employee of the DOC. But because Counts is proceeding pro se, the court must liberally construe his pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court liberally construes Counts's motion for court intervention as a motion for assistance with service.

Courts in the District of South Dakota have entered orders to assist pro se inmates to perfect service on defendants who remained after the court's 1915A screening when the plaintiff has diligently attempted to complete service but is unable to do because of logistical hurdles and DOC policies that restrict an inmate's ability to gather personal information about DOC current and former employees. *See Hicks v. Renner*, 4:23-CV-04121-KES, Docket 16 (D.S.D. Feb. 8, 2024); *Scott v. Carpenter*, 4:23-CV-04020-RAL, Docket 48 (D.S.D. Aug. 28, 2023); *Christians v. Young*, 4:20-CV-04083-LLP, 2023 WL 2687260, at *13

---

[1] In the caption of his complaint, Counts identifies Lynn Schreibers as a defendant, but in the body of his complaint, Counts included allegations against Lynn Schryvers. *See* Docket 1; Docket 20 at 1 n.1. The summons and return of service name Laine Schryvers. Docket 110 at 7–9; *see also* Docket 160 (notice of appearance on behalf of Laine Schryvers). The court has corrected the caption to refer to this defendant as Laine Schryvers.

(D.S.D. Mar. 29, 2023); *Hughbanks v. Fluke*, 4:21-CV-04167-KES, 2023 WL 1930334, at *1–2 (D.S.D. Feb. 10, 2023); *Cody v. Clark*, 4:22-CV-04010-KES, 2023 WL 112695, at *7 (D.S.D. Jan. 5, 2023) (citing *Hansen v. S.D. Dep't of Corr.*, 4:19-CV-04019-KES, Docket 44 at 4). In this case, Counts has attempted to complete service but has been unable to do so because of logistical hurdles and DOC policies that restrict an inmate's ability to gather personal information about current and former DOC employees. Dockets 32, 79, 199. Further, the record reflects that as a matter of policy, the State of South Dakota refuses to accept service on behalf of former employees, but the State of South Dakota provides a defense to former employees once service is effectuated. Docket 162 ¶ 7. Counts's motion for court intervention, which the court construes as a motion for assistance with service, is granted in part.

Counsel who has appeared on behalf of the current and former employees of the DOC who have been served must provide the last known address for McGrath, Bastemeyer, Strom, Zimmer, and Mudder to the USMS for service by **June 10, 2024**. Counsel who has appeared on behalf of Kim Halverson, a former employee of Summit Food Service, LLC, *see* Docket 32 at 10–12; Docket 111, must provide the last known address for Halverson to the USMS for service by **June 10, 2024.** The Clerk of Court is directed to redact McGrath's, Bastemeyer's, Strom's, Zimmer's, Mudder's, and Halverson's addresses from the summonses, returns of service, and USM-285 forms before they are filed and to provide redacted copies to Counts. These defendants' addresses should **not** be provided to Counts or appear in any publicly available

5

filing. *See, e.g.*, *Allen v. Siddiqui*, 2008 WL 2217363, at *1–2 (W.D. Ky. May 27, 2008) (recognizing that when the USMS is directed to effect service the court can have the agency that previously employed the defendant file his last known address under seal); *Skinner v. Beemer*, 2007 WL 2982419, at *1 (E.D. Mich. Oct. 11, 2007) ("Although the Court is disinclined to provide Defendant['s] . . . home address to the Plaintiff, it would be appropriate to direct [his former employer] to provide his last known address to the Court *in camera*, subject to a protective order that it will not be provided to the Plaintiff himself."); *Kowalski v. Stewart*, 220 F.R.D. 599, 600 (D. Ariz. 2004) (stating that releasing a former correctional officer's personal information to an inmate would jeopardize his personal safety).

## II.    Shelburg's Motion to Dismiss and Related Motions

### A.    Shelburg's Motion to Dismiss

Shelburg moves to dismiss the claims against him in Counts's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Docket 49. According to the complaint, Shelburg acted as Counts's supervisor and instructor in a vocational course offered to inmates through the South Dakota Housing Development Authority and the South Dakota Governor's Housing Project. Docket 1 ¶ 58. Counts alleges that Shelburg was informed that Counts suffers from a medical condition that prohibits him from lifting more than twenty pounds and requires that he take frequent breaks while working on wiring projects during class. *Id.* ¶¶ 134, 271. Approximately two months after learning this information, Shelburg allegedly "terminated" Counts from his position in

6

the class. *Id.* ¶ 275. Counts contends that his release from the vocational program violated the Americans with Disabilities Act (ADA). *Id.* ¶ 447. Counts's claim against Shelburg in his individual capacity for violation of Title II of the ADA (42 U.S.C. § 12132) for intentional discrimination and failure to accommodate survived screening. Docket 20 at 67–69. Shelburg moves to dismiss the claims against him on the grounds that individuals may not be sued in their individual capacities for an alleged violation of Title II of the ADA. Docket 50 at 5–6.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the complaint. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). When considering a Rule 12(b)(6) motion, the facts alleged in the complaint must be considered true, and all inferences must be drawn in favor of Counts, the nonmoving party. *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (citing *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002)). To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet the plausibility standard, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations' . . . a claim must be

7

dismissed[.]" *Neitzke*, 490 U.S at 326–27 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; *Mason v. Corr. Med. Servs., Inc.*, 559 F.3d 880, 886 (8th Cir. 2009). The ADA defines "public entity" to include "any State or local government[]" and "any department, agency, . . . or other instrumentality of a State[.]" 42 U.S.C. § 12131(1). Individuals may not be sued in their individual capacities for an alleged violation of Title II of the ADA. *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999).

Counts opposes Shelburg's motion to dismiss and requests that the court deny the motion because Counts has not had an opportunity to conduct discovery. Docket 67 at 3. Conducting discovery will not change the fact that Shelburg is not a "public entity" as defined by Title II of the ADA. Thus, Count's opposition to Shelburg's motion to dismiss, which Counts has captioned as a motion to dismiss (Docket 67) is denied, and Shelburg's motion to dismiss (Docket 49) is granted.

## B. Counts's Motion for Leave to File a Supplemental Complaint

Counts also moves for leave to file a supplemental complaint against Shelburg. Docket 71. Counts requests "[l]eave to file a supplemental complaint in this matter to coincide with the current evidence that has been presented."

8

*Id.* But Counts did not include a proposed supplemental complaint along with his motion, describe the current evidence, or explain how the current evidence is sufficient to overcome Shelburg's argument that an individual may not be sued in his individual capacity for an alleged violation of Title II of the ADA. The District of South Dakota's Civil Local Rules of Practice require that "any party moving to amend a pleading must attach a copy of the proposed amended pleading to its motion to amend with the proposed changes highlighted or underlined so that they may be easily identified." D.S.D. Civ. LR 15.1. Because Counts failed to include a proposed supplemental complaint along with his motion, Counts's motion to for leave to file a supplemental complaint (Docket 71) is denied. *See U.S. ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin., Corp.*, 690 F.3d 951, 958 (8th Cir. 2012) (holding that district court does not abuse its discretion in denying leave to amend when the party seeking leave has failed to attach a proposed amended complaint in accordance with a local court rule of procedure).

## III.  State Defendants' Motion to Dismiss

Defendants Kellie Wasko, Brent Fluke, Alejandro Reyes, Rebecca Schieffer, Rob Caruna, Mark Stoebner, Travis Tjeerdsma, Tammy Doyle, Mike Doyle, Lee Kaufenberg, Cassie Defenbaugh, Dr. Aaron Haynes, Kristopher Venosdel, Tiffany Voigt, Jennifer Wilson, Stephanie Hamilton, Candice Fejfar, Dayna Klawitter, Elizabeth Paul, Rachel Tycz, Stephen Baker, Brittney Lengkeek, Dr. Melvin Wallinga, Robyn Stolz, Vanessa Gebes, Debra Eilers, Addyson Aguirre, Charissa Warembourg, Kimberly Lippincott, Josephine

Pechous, and Tabitha Larsen (collectively State defendants) move to dismiss some of the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).[2] Docket 73. Counts opposes defendants' motion to dismiss. Docket 112.

### A.    ADA Claim for Failure to Provide Reasonable Accommodations

Counts's ADA claim for failure to provide reasonable accommodations against Wasko, Fluke, Reyes, Schieffer, Tammy Doyle, Mike Doyle, Kaufenberg, Travis Tjeerdsma, Venosdel,[3] Lengkeek, Voigt, and Stoeber in their individual capacities survived § 1915A screening. Docket 20 at 69. These defendants move to dismiss Counts's ADA claim for failure to provide reasonable accommodations against them in their individual capacities under Rule 12(b)(6).[4] Docket 74 at 4– 5. Specifically, these defendants argue that individuals may not be sued in their individual capacities for an alleged violation of Title II of the ADA. *Id.* at 4 (citing *Alsbrook*, 184 F.3d at 1005). The motion to dismiss Counts's ADA claim for failure to provide reasonable accommodations is granted for the same reasons that Shelburg's Rule 12(b)(6) motion is granted.

---

[2] Not all of claims at issue in the State defendants' motion to dismiss are directed at all the State defendants. For clarity, the court will identify the defendants against whom each of the claims at issue are directed before addressing the motion to dismiss that particular claim.

[3] Counts's complaint names Unknown Van Osdale as a defendant. Docket 1 ¶ 20. The return of service for the summons identifies this defendant as Kris Venosdel. Docket 27 at 7–9. Thus, the court has corrected the caption to identify Kris Venosdel as a defendant.

[4] Counts's ADA claim for failure to provide reasonable accommodation against Wasko and Lengkeek in their official capacities survived § 1915A screening. Docket 20 at 69. Wasko and Lengkeek do not move to dismiss Counts's ADA claim against them in their official capacities. Docket 74 at 5 n.2.

**B.      Religious Land Use for Incarcerated Persons Act (RLUIPA) Claim**

Counts's RLUIPA claim against Fluke and Voigt in their individual capacities and Wasko in her individual and official capacity survived § 1915A screening. Docket 20 at 76. Defendants Wasko, Fluke, and Voigt move to dismiss Counts's RLUIPA claim for three reasons.

**1.      Official Capacity Claims for Monetary Damages**

First, the State defendants argue that the Eleventh Amendment bars Counts's RLUIPA claim against the State defendants in their official capacities. Docket 74 at 6. Although Counts's RLUIPA claim against Wasko in her official capacity survived § 1915A screening, the court does not interpret Counts's complaint to seek compensatory damages against Wasko in her official capacity. *See* Docket 1 at 130–31. That portion of Counts's complaint quoted in the State defendants' brief seeks compensatory damages against Wasko in her individual capacity. Docket 74 at 6; Docket 1 at 130–31. Further, the court's § 1915A screening order dismissed with prejudice Counts's official capacity claims for monetary damages. Docket 20 at 48, 75–76. Defendants' motion to dismiss Counts's RLUIPA claim against the State defendants in their official capacities is denied as moot.

**2.      Individual Capacity Claims for Monetary Damages**

The State defendants argue that RLUIPA does not authorize suits against state officials in their individual capacities. Docket 74 at 7. The District of South Dakota has recognized that "[S]ection 3 of RLUIPA . . . cannot be construed as creating a private action against individual defendants for monetary damages."

11

*Sisney v. Reisch*, 533 F. Supp. 2d 952, 968 (D.S.D. 2008), *aff'd in part, rev'd in part sub nom. Van Wyhe v. Reisch*, 581 F.3d 639 (8th Cir. 2009), and *aff'd* 674 F.3d 839 (8th Cir. 2012).[5] *See also Haight v. Thompson*, 763 F.3d 554, 570 (6th Cir. 2014) (holding that monetary damages under RLUIPA are not available for individual-capacity claims); *Wood v. Yordy*, 753 F.3d 899, 902–04 (9th Cir. 2014) (holding that RLUIPA does not subject state prison officials to liability for monetary damages in their individual capacities); *Stewart v. Beach*, 701 F.3d 1322, 1335 (10th Cir. 2012) ("There is no cause of action under RLUIPA for individual-capacity claims."); *Rendelman v. Rouse*, 569 F.3d 182, 184 (4th Cir. 2009) (holding that RLUIPA does not authorize a claim for money damages against an individual sued in his individual capacity); *Sossamon, III v. Lone Star State of Tex.*, 560 F.3d 316, 327–29 (5th Cir. 2009) (concluding that no cause of action exists under RLUIPA for individual-capacity claims). Because a RLUIPA claim against state officials in their individual capacities is not cognizable, the State defendants' motion to dismiss Counts's individual capacity RLUIPA claims is granted, and Counts's RLUIPA claim against Wasko, Fluke, and Voigt in their individual capacities is dismissed.

### 3.  Claims for Injunctive Relief

Counts's RLUIPA claim against Wasko in her official capacity for injunctive relief only survived § 1915A screening. Docket 20 at 76. Similarly, Counts's First Amendment free exercise claim against Wasko in her official

---

[5] The district court's conclusion that RLUIPA does not permit suit against state officials in their individual capacities was not at issue on appeal. *Van Wyhe*, 581 F.3d at 655 n.6.

capacity for injunctive relief only survived § 1915A screening. *Id.* Wasko argues that Counts's RLUIPA claim and First Amendment free exercise claim for injunctive relief became moot when Counts was transferred from MDSP to the SDSP and should be dismissed. Docket 74 at 7–8, 11–12. Counts's claims for injunctive relief stem from his allegation that he could not regularly attend religious services at MDSP because the facility was understaffed. Docket 1 ¶ 311. According to the State defendants, Counts has not made similar allegations since he was transferred to the SDSP. Docket 74 at 7–8, 11–12. In his response to the motion to dismiss, Counts argues that he will be adding issues related to attending church at the SDSP, Docket 112 at 17, but he did not identify any such allegations in his complaint, any of his supplements, or his amended complaints, *id.* The court must consider the state Defendants' motions to dismiss based on the allegations Counts has actually made rather than considering the allegations he states he intends to make. Accordingly, the State defendants' motion to dismiss Counts's RUIPLA claim and First Amendment Free exercise claim against Wasko in her official capacity for injunctive relief is granted. Counts's RUILPA claim and his First Amendment free exercise claim against Wasko in her official capacity for injunctive relief are dismissed without prejudice.

### C.   First Amendment Claims

#### 1.   Monetary Damages Against Defendants in their Official Capacities

Counts's First Amendment free exercise claim against Wasko in her official capacity; First Amendment access to the courts claim against Wasko,

Fluke, Reyes, Schieffer, Kaufenberg, Travis Tjeerdsma, Wilson, Eilers, Aguirre, Warembourg, Tammy Doyle, Mike Doyle, Caruna, Schryvers, Venosdel, Lengkeek, Voigt, Stoebner, and Lippencott in their official capacities; First Amendment right to send and receive mail claim against Aguirre in her official capacity; and First Amendment retaliation claim against Wasko, Dr. Wallinga, Dr. Haynes, Lengkeek, Defenbaugh, and Aguirre in their official capacities survived § 1915A screening. Docket 20 at 76–77. These defendants move to dismiss Counts's First Amendment claims against them in their official capacity for monetary damages. Docket 74 at 8–10. In their supporting brief, the State defendants correctly state that the claims against a state official in his or her official capacity are barred by sovereign immunity, *id.*, but the State defendants fail to acknowledge that this court has already dismissed Counts's official capacity claims for monetary damages. Docket 20 at 48, 75–76.[6] The State defendants' motion to dismiss Counts's claim for monetary damages against the State defendants in their official capacities is denied as moot.

## 2.    Individual capacity claims for monetary damages

The State defendants argue that the Prison Litigation Reform Act (PLRA) bars Counts's claims for monetary damages against the State defendants in their individual capacities arising out of alleged violations of Counts's First Amendment rights because Counts has not alleged a physical injury. *See* Docket

---

[6] Counts asserted official capacity claims for injunctive relief only against Wasko, Fluke, Reyes, Schieffer, Kaufenberg, Travis Tjeerdsma, Wilson, Tammy Doyle, Mike Doyle, Caruna, Venosdel, Lengkeek, Voigt, Stoebner, and Wilson. Docket 20 at 40, 41, 42–43.

74 at 10–11. Section 1997e(e) of the PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]" 42 U.S.C. § 1997e(e). The Eighth Circuit Court of Appeals has held that this statute applies to "all federal actions brought by prisoners," including actions alleging violation of the First Amendment. *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004). But the Eighth Circuit has recognized that "Congress did not intend section 1997e(e) to bar recovery for all forms of relief[]" and held that nominal damages, punitive damages, and injunctive and declaratory relief are available to prisoners in the absence of any physical injury. *Id.*

In his opposition to the State defendants' motion to dismiss, Counts alleges that he suffered physical injury because of the alleged violation of his First Amendment rights. Docket 112 at 20. At this stage of the proceedings, whether there is a causal link between the alleged violation of Counts's First Amendment rights and his claimed physical injury is disputed. Defendants' motion to dismiss Counts's claims arising under the First Amendment for monetary damages against the State defendants in their individual capacities is denied.[7]

---

[7] Even if Counts had not opposed defendants' motion and alleged that he suffered physical injury because of the alleged violation of his First Amendment rights, the State defendants' motion to dismiss is overly broad. In his complaint and supplements, Counts seeks nominal and punitive damages for the alleged violation of his First Amendment rights. Docket 20 at 40, 41, 42, 44, 45. Section 1997e(e) of the PLRA does not bar these damages, even in the absence of a physical injury. *Royal*, 375 F.3d at 723.

### 3.    Counts's claims for injunctive relief against Defenbaugh, Lengkeek, and Aguirre

Counts's First Amendment access to the courts claim against Lengkeek and Aguirre in their official capacities; his First Amendment right to send and receive mail claim against Aguirre in her official capacity; and his First Amendment retaliation claim against Lengkeek, Defenbaugh, and Aguirre in their official capacities survived § 1915A screening. Docket 20 at 76–77. As the court noted in his screening order, Counts alleges that these defendants are employed by the South Dakota DOC. *Id.* at 49. Thus, Counts's claims for injunctive relief against these defendants are not moot because of Counts's transfer from MDSP to the SDSP. *Id.* But the State defendants are now moving to dismiss Counts's claims for injunctive relief for the alleged violation of the First Amendment because "Counts has not requested any injunctive relief against them, and it is unclear what remedy he is seeking." Docket 74 at 11 n.6. The court disagrees. Counts's pleadings clearly allege specific requests for injunctive relief against defendants Aguirre and Lengkeek.[8] *See* Docket 1 at 133; Docket 16 ¶ 24. The State defendants' motion to dismiss Counts's claims for injunctive relief against Aguirre and Lengkeek for alleged violations of his First Amendment rights is denied.

Defenbaugh, according to Counts's complaint, is the state-wide nursing director for the DOC, and Counts sues her in her individual and official

---

[8] Whether the specific injunctive relief Counts seeks is a type of injunctive relief that the court may order to remedy violation of Counts's constitutional rights is not before the court.

capacities. Docket 1 ¶ 36. Counts's allegations against Defenbaugh include retaliation. *Id.* ¶ 450. Although Counts does not request any specific injunctive relief against Defenbaugh in the "Relief Requested" section of his complaint, *id.* at 129–36, Counts requests that the court enter "[a]ny other relief deemed appropriate[.]" *Id.* at 136; *see also* Docket 21 at 4 (requesting that the court "issue whatever order's [sic] the court feels necessary for [his] protection and safety"). Given Defenbaugh's position when considered in the context of Counts's allegations along with the court's obligation to liberally construe his pleadings, the court denies Defenbaugh's motion to dismiss Counts's claim for injunctive relief for alleged violation of his First Amendment rights for failure to state a claim upon which relief can be granted. As this cases proceeds, if the court determines that any of Counts's constitutional rights have been violated and that injunctive relief is an appropriate remedy, the court's order granting such relief will clearly outline the scope of the specific injunctive relief the court is ordering.

### D.   Counts's Claims for Punitive Damages Arising Under the ADA or the Rehabilitation Act

The State defendants move to dismiss Counts's claim for punitive damages for alleged violations of the ADA and the Rehabilitation Act, arguing that punitive damages are not available under the Rehabilitation Act or Title II of the ADA. Docket 74 at 12. While the State defendants' motion to dismiss is premised on correct statements of law, defendants' motion to dismiss Counts's claim for punitive damages arising under the ADA or the Rehabilitation Act is denied as moot. Counts's Rehabilitation Act claims against the State defendants

in their individual capacities did not survive screening and were dismissed with prejudice. Docket 20 at 70–71, 80. Only Counts's Rehabilitation Act claims against Wasko and Lengkeek in their official capacities survived screening. *Id.* at 80. As the court stated in its § 1915A screening order, the Eleventh Amendment precludes Courts from seeking damages against defendants in their official capacities. *Id.* at 48. Further, the court does not interpret Counts's complaint to seek damages against Wasko or Lengkeek in their official capacities for alleged violations of the ADA. Docket 1 at 129–30, 133. Because Counts did not assert a claim for monetary damages against Wasko or Lengkeek in their official capacities arising out of an alleged Rehabilitation Act violation that survived screening, this portion of the State defendants' motion to dismiss is denied as moot.

Per the court's screening order, Counts's ADA claim for intentional discrimination against Shelburg in his individual capacity and his ADA claim for failure to provide reasonable accommodations against Fluke, Reyes, Schieffer, Tammy Doyle, Mike Doyle, Kaufenberg, Travis Tjeerdsma, Venosdel, Voigt, Stoeber, Shelburg, Wasko, and Lengkeek in their individual capacities survived § 1915A screening. Docket 20 at 80. But the court has granted defendants' motions to dismiss the individual capacity claims because defendants in their individual capacities do not constitute "public entities" subject to suit under Title II of the ADA. *See supra* at 8, 10. Thus, only Counts's ADA claim for failure to provide reasonable accommodations against Wasko and Lengkeek in their official capacities remains. *See* Docket 20 at 80. As discussed above, Counts

18

does not seek monetary damages against Lengkeek and Wasko in their official capacities for alleged violations of the ADA. Docket 1 at 129–30, 133. That portion of defendants' motion seeking dismissal of Counts's claim for punitive damages under the ADA is denied as moot.

### E.   Counts's Claim for Future Lost Wages or Wrongful Termination

The State defendants argue that § 1997e(e) of the PLRA precludes Counts from recovering compensatory damages for loss of earning potential or alleged wrongful termination from the Governor's housing project. Docket 74 at 12–13. In his complaint, Counts seeks compensatory damages in the amount of $100,000 from Shelburg for "unlawful termination from the Governors housing project . . . and potential loss of income potential as a licensed electrician." Docket 1 at 134, ¶ V.a. The court granted Shelburg's motion to dismiss the individual capacity claim against him for an alleged violation of the ADA, which is the only claim Counts asserts against him. The State defendants' motion to preclude Counts from recovering from Shelburg for loss of earning capacity is denied as moot because the ADA claim was already dismissed.

Counts also seeks compensatory damages in the amount of $1,000,000 for "life time earnings potential lost" from Wasko in her individual capacity, and in the amount of $100,000 from other defendants in their individual capacities. Docket 1 at 130, ¶ a; Docket 1 at 132, ¶ II.a; Docket 1 at 133, ¶ III.a. Contrary to the State defendants' argument, Counts alleges physical injury due to his claims against these defendants (i.e. conditions of confinement claim and deliberate indifference to serious medical needs). *See id.* ¶¶ 46–264, 445–446,

448, 450. Section 1997e(e)'s limitation of recovery is not applicable to Counts's alleged damages arising out of his conditions of confinement and deliberate indifference to serious medical needs claims. Thus, the State defendants' motion to dismiss Counts's claim for lost earning potential is denied.

## IV.   Counts's Motions for Judgment in his Favor

Defendants filed a motion to dismiss some, but not all, of Counts's claims. In his opposition to the State defendants' motion to dismiss, Counts requests that the court "issue summary judgement [sic] on the unanswered sections of the screening, that defendants chose not to dispute." Docket 112 at 21. Additionally, Counts has filed various motions requesting that the court enter judgment in his favor because the State defendants have not fully responded to the § 1915A screening order or responded to all the claims in his complaint that survived screening. *See* Dockets 114, 158, 195, 196. Federal Rule of Civil Procedure 12(a)(1)(A)(i) requires a defendant to serve a responsive pleading within 21 days after being served with the summons and complaint. *See also* Docket 20 at 83 ¶ 34. In accordance with Rule 12(b)(6), defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted instead of serving an answer. Although defendants moved to dismiss some, but not all, of the claims that survived § 1915A screening, a partial motion to dismiss suspends the time to answer all claims, including claims the motion to dismiss does not address. *See Gortat v. Capala Bros., Inc.*, 257 F.R.D. 353, 366 (E.D.N.Y. 2009) (citing Fed. R. Civ. P. 12(a)(4)). Counts's motions (Dockets 114, 158, 195, 196) seeking a partial judgment in his favor on the grounds that the

State defendants did not file a responsive pleading addressing all the claims that survived § 1915A screening are denied.

## V.     Counts's Miscellaneous Motions

### A.     Motion for Order to Show Cause, for Hearing, and for Appointment of Counsel

Counts filed a motion requesting that the court schedule a hearing on his claim that the DOC is not following the restrictions ordered by DOC pulmonary consultants and appoint counsel to represent him during the hearing. Docket 68. Counts's request is duplicative of his motion for evidentiary hearing and motion for appointment of counsel for only the evidentiary hearing. *See* Docket 47. Because the court has granted Counts's motion for evidentiary hearing and appointed counsel to represent him during the evidentiary hearing (Dockets 185, 186) Counts's motion for order to show cause, for hearing, and for appointment of counsel (Docket 68) is denied as moot.

### B.     Motion for Appointment of Counsel

Counts moves for appointment counsel. Docket 70. With the exception of his motion for counsel to represent him during only the evidentiary hearing, the court has denied Counts's previous motions for appointment of counsel. Docket 10; Docket 20 at 81; Docket 41 at 4; Docket 55 at 7–8. Counts argues that he is at a "very unfair disadvantage" because the State of South Dakota has retained a "top law firm" to defend the current and former DOC employees. Docket 70 at 1. Counts contends that he has limited access to Westlaw and has difficulty reading legal papers because his glasses are broken. *Id.* Finally, Counts alleges that he is suffering further lung injury because he does not know the proper

motions to file. None of Counts's arguments are reasons to appoint counsel at this stage of the proceedings. The court has granted Counts's motion for an evidentiary hearing on his request for preliminary injunctive relief related to his alleged ongoing lung injury and appointed counsel to represent him during the evidentiary hearing. Dockets 185, 186. While Counts may not know what motions to file and claims that he has limited access to legal research, the court has liberally construed his pro se filings and will continue to do so. If necessary, the court will independently research the relevant legal authorities and enter any relief to which Counts may be entitled based on the facts presented to the court. Finally, Counts has informed the court that his glasses have been replaced and that he no longer struggles to read legal papers. Thus, Counts's motion for appointment of counsel (Docket 70) is denied for the same reasons that the court denied his previous motions for appointment of counsel.

### C.    Motion to Add Defendants are Sued in their Personal Capacities

Counts moves to "add that all defendants are sued in their personal capacity as well as their individual capacity." Docket 100. To the extent Counts seeks leave of court to file an amended complaint asserting claims against the defendants in their personal as well as their individual capacities, the proposed amendment would be futile, and his motion is denied. *See Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007) (stating that there is no absolute right to amend and that a court may deny a motion to amend based upon futility). Counts does not allege that he would be entitled to different or additional relief if he is granted leave to assert personal as well as individual capacity claims

22

against defendants. In fact, the Eighth Circuit Court of Appeals uses the terms individual and personal capacity interchangeably. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995).

### D.    Motion to Have a Special Master Appointed

Counts moves for the appointment of a special master from the federal Bureau of Prisons to "provide the court with a truthful observations [sic] of what transpires inside the South Dakota [D]epartment of Corrections living facilities." Docket 113 at 1. In support of his motion, Counts alleges that DOC officials have been sending the court falsified documents, but he does not specifically identify the documents he asserts are falsified. Federal Rule of Civil Procedure 53(a)(1) provides in relevant part that

> a court may appoint a master only to: . . . (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by . . . some exceptional condition; or . . . (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

Rule 53 and the caselaw interpreting it make clear that special masters should be appointed only rarely and when the unique complexities of the case and the court's docket so require. *See, e.g.*, *In re Armco, Inc.*, 770 F.2d 103, 105 (8th Cir. 1985) (per curiam). None of the rare circumstances justifying appointment of a special master are present in this case.

If Counts demonstrates that DOC officials have filed a falsified document, the court can order an appropriate remedy or sanction without appointment of a special master. Counts also requests a special master to investigate and report allegedly wide-spread violations of prisoners' constitutional rights. Docket 113 at

2. Counts does not have standing to pursue alleged constitutional violations on behalf of other prisoners. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("A prisoner cannot bring claims on behalf of other prisoners."). Counts seems to argue that a special master would assist the court in enforcing his constitutional rights, but the court has not ruled that Counts's constitutional rights have, in fact, been violated. Rather, the court has ruled only that Counts's case may proceed because he has alleged sufficient facts, which if proven, may be sufficient to establish a violation of his constitutional rights. Counts's motion for appointment of a special master, Docket 113, is denied.

Thus, it is ORDERED:

1.    That Counts's motion for court intervention (Docket 46) is denied in part and granted in part. Counsel who has appeared on behalf of the current and former employees of the DOC must provide the last known address for McGrath, Bastemeyer, Strom, Zimmer, and Mudder to the USMS for service by **June 10, 2024**. Counsel who has appeared on behalf of Kim Halverson, a former employee of Summit Food Service, LLC, must provide the last known address for Halverson to the USMS for service by **June 10, 2024.**

2.    That the Clerk of Court shall send six (6) blank summons forms and Marshall Service Forms (Form USM-285) to Counts. Counts must complete and send to the Clerk of Court a separate summons and USM-285 form for McGrath, Bastemeyer, Strom, Zimmer, Mudder, and Halverson. When Counts completes the summons and USM-285

24

forms, he should **not** include an address at which the defendants can be served.

3.    That the United States Marshal Service must insert the last known address provided by defendants' counsel on the summonses and USM-285 forms Counts returns to the Clerk of Court and serve the summons, together with a copy of the complaint (Docket 1), the supplements to the complaint that allege additional facts (Dockets 11, 12, 13, 16, and 18), this court's 1915A Screening Order (Docket 20), the amended complaints (Dockets 21, 26, and 34) and this order upon defendants McGrath, Bastemeyer, Strom, Zimmer, Mudder, and Halverson.

4.    That the Clerk of Court is directed to redact McGrath's, Bastemeyer's, Strom's, Zimmer's, Mudder's, and Halverson's address from the summons, return of service, and USM-285 form before they are filed and to provide redacted copies to Counts. These defendants' addresses must **not** appear in any publicly available filing or any filing or pleading provided to Counts.

5.    That defendants McGrath, Bastemeyer, Strom, Zimmer, Mudder, and Halverson will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service.

6.    That Shelburg's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Docket 49) is granted.

7.    That Counts's motion to dismiss (Docket 67) is denied.

8.      That Counts's motion to file a supplemental complaint against Shelburg (Docket 71) is denied.

9.      That the State defendants' motion to dismiss (Docket 73) is granted in part and denied in part. Counts's ADA claim for failure to provide reasonable accommodations against Fluke, Reyes, Schieffer, Tammy Doyle, Mike Doyle, Travis Tjeerdsma, Venosdel, Voigt, and Stoeber in their individual capacities is dismissed. Counts's RLUIPA claim against Wasko, Fluke, and Voigt in their individual capacities is dismissed. Counts's RUILPA claim and First Amendment free exercise claim against Wasko in her official capacity for injunctive relief are dismissed without prejudice.

10.     That the State defendants must answer the claims in the complaint, supplements to the complaint, and amended complaints remaining against them on or before **June 13, 2024**.

11.     That Counts's motion to dismiss (Docket 112), which is more properly construed as a brief in opposition to the State defendants' motion to dismiss, is denied.

12.     That Counts's motion for judgment on the pleadings for unanswered section of plaintiff's § 1983 screening (Docket 114), motion for summary judgment (Docket 158), motion for leave to file motion for summary judgment (Docket 195), and motion for leave to file motion for summary judgment (Docket 196) are denied.

13.     That Counts's motion for order to show cause, for hearing, and for appointment of counsel (Docket 68) is denied as moot.

14.     That Counts's motion for appointment of counsel (Docket 70) is denied.

15.     That Counts's motion to add defendants are sued in their personal capacity as well as their individual capacity (Docket 100) is denied.

16.     That Counts's motion for appointment of a special master (Docket 113) is denied.

Dated May 30, 2024.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE