UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

DAVID L. COUNTS,

Plaintiff,

vs.

KELLIE WASKO, in her individual and
official capacities; BRENT FLUKE, in
his individual and official capacities;
ALEJANDRO REYES, in his individual
capacity; REBECCA SCHIEFFER, in her
individual capacity; ROB CARUNA, in
his individual capacity; MARK
STOEBNER, in his individual capacity;
TRAVIS TJEERDSMA, in his individual
capacity; LAINE SCHRYVERS, in his
individual capacity; TAMMY DOYLE, in
her individual capacity; MIKE DOYLE,
in his individual capacity; LEE
KAUFENBERG, in his individual
capacity; KIM HALVERSON, in her
individual capacity; DR. AARON
HAYNES, in his official and individual
capacities; KRIS VENOSDEL, in his
individual capacity; TIFFANY VOIGT, in
her individual capacity; GTL
TECHNOLOGY, aka ViaPath
Technology, in its individual capacity;
JENNIFER WILSON, in her individual
capacity; STEPHANIE HAMILTON, in
her individual capacity; KARRISA
ZIMMER, in her individual capacity;
BRENDA MUDDER, in her individual
capacity; TRACY FISCHER, in her
individual capacity; CANDICE FEJFAR,
in her individual capacity; BRITTNEY
MCGRATH, in her individual capacity;
DAYNA KLAWITTER, in her individual
capacity; JANELLE BASTEMEYER, in
her individual capacity; AMANDA

4:23-CV-04103-KES

ORDER ON PLAINTIFF'S MOTIONS
TO AMEND AND PLAINTIFF'S
MISCELLANEOUS MOTIONS

DEJONG, in her individual capacity;
ELIZABETH PAUL, in her individual
capacity; RACHEL TYCZ, in her
individual capacity; STEPHEN BAKER,
in his individual capacity; CASSIE
DEFENBAUGH, in her individual and
official capacities; MARRY [sic]
CARPENTER, in her individual
capacity; BRITTNEY LENGKEEK, in her
individual and official capacities; DR.
MELVIN WALLINGA, in his official and
individual capacities; ARAMARK FOOD
SERVICES, in its official capacity;
UNKNOWN DOC EMPLOYEES, in their
individual and official capacities;
UNKNOWN DEPARTMENT OF HEALTH
EMPLOYEES, in their individual and
official capacities; UNKNOWN DOC
CONTRACTORS, in their individual and
official capacities; AUDRA STROM, in
her individual capacity; ROBYN STOLZ,
in her individual capacity; VANESSA
GEBES, in her individual capacity; DEB
EILERS, in her individual capacity;
ADDYSON AGUIRRE, in her individual
and official capacities; CARISSA
WAREMBOURG, in her individual
capacity; KIM LIPPINCOTT, in her
individual capacity; JOSEPHINE
PECHOUS, in her individual and official
capacities; TABITHA LARSEN, in her
individual and official capacities;
SUMMIT FOOD SERVICE; KELLY
TJEERDSMA, in her individual and
official capacities; MELISSA MATURAN,
in her official capacity; KAYLA TINKER,
in her individual and official capacities;
CASSIDY SEGICH, in her individual
and official capacities; and ANGELA
PARALIGIA, in her individual and
official capacities,

                    Defendants

2

Plaintiff, David L. Counts, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Docket 1. When this action was commenced, Counts was an inmate at Mike Durfee State Prison (MDSP) (Docket 1 at 1), but he has been transferred to the South Dakota State Penitentiary (SDSP) (Docket 19). This court granted Counts leave to proceed in forma pauperis and ordered him to pay an initial filing fee. Docket 9. After Counts paid his initial partial filing fee, the court screened Counts's complaint and supplements, dismissing it in part and directing service on the remaining defendants. *See* Docket 20 at 81–83. Counts has filed four motions for leave to file amended or supplemental complaints. *See* Dockets 75, 90, 101, 124. Counts has also filed other miscellaneous motions. *See* Dockets 76, 89, 91, 106, 114, 115, 116, 120, 133, 146, 181. The court now considers these motions.

## I.     Counts's Motions for Leave to File Amended or Supplemental Complaints

A motion for leave to amend a pleading is committed to the sound discretion of the district court. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir.1998) (citations omitted). "A party may amend its pleading once as a matter of course no later than . . . 21 days after serving it[.]" Fed. R. Civ. P. 15(a)(1)(A). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Counts has previously amended his complaint four times. *See* Dockets 21, 40, 41, 44, 55, 57. Although Federal Rule of Civil Procedure 15(a) dictates that "[t]he court should freely give leave when justice so requires[,]" the court may

3

deny such requests for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### A.    Docket 75

Counts seeks leave to file a supplemental complaint requesting additional relief from Aramark Food Services (Aramark) and Summit Food Service (Summit). Docket 75 at 1. He also seeks to alter the relief requested from Kim Halverson. *Id.* Counts alleges that Halverson violated his rights by failing to provide a safe and healthy diet in a clean facility under the Summit/Aramark contracts and harassed and terminated him without cause. Docket 1 ¶ 448. In his initial complaint, Counts requested from Halverson compensatory damages in the amount of $100,000 for wrongful termination and retaliation, nominal damages in the amount of $1.00, and punitive damages in the amount of $100,000 to discourage race or crime based disciplinary practices. *Id.* at 135, ¶ VI.a., b., c. In his proposed supplemental complaint, Counts seeks to delete the request for punitive damages because of Halverson's alleged race or crime-based disciplinary practices directed at other inmates and instead request punitive damages from Halverson because she allegedly terminated him for no cause in violation of DOC policy. Docket 75 ¶ 11. Counts's conditions of confinement claim against Halverson survived screening. Docket 20 at 78–79. But harassment and termination without cause

are not conditions of confinement claims. Thus, Counts's request for leave to delete the request for punitive damages because of Halverson's alleged race or crime-based disciplinary practices directed at other inmates is granted, and his request for leave to seek punitive damages from Halverson for allegedly terminating him for no cause is denied.

Counts also seeks leave to assert individual capacity claims against Summit and Aramark and to seek compensatory damages in the amount of $100,000, nominal damages in the amount of $100, and punitive damages in the amount of $100,000 from each of these defendants. Docket 75. When Counts filed his initial complaint, he assumed that the relief he requested from Halverson, an employee of Summit and Aramark, would also apply to Aramark and Summit. *Id.* ¶ 1. In his proposed supplemental complaint, he seeks to correct what appears to be an oversight or misunderstanding. It is in the interests of justice to grant him leave to do so. Neither Summit nor Aramark opposed Counts's motion seeking leave to file a supplemental complaint seeking additional relief from them. Counts's motion for leave to file a supplemental complaint requesting additional relief from Aramark and Summit (Docket 75) is granted. The court is not ordering Aramark or Summit to respond to the supplemental complaint. *See* Fed. R. Civ. 15(d) ("The court *may* order that the opposing party plead to the supplemental pleading[.]") (emphasis added).

**B.** **Docket 90**

Counts moves for leave to add new facts and new allegations of discrimination. Docket 90. Counts alleges his inmate request for a typewriter as a reasonable accommodation was denied in violation of his First, Eighth, and Fourteenth Amendment rights. *Id.* at 1–2. Counts also alleges the denial of a typewriter violates the ADA. *Id.* at 2. Finally, Counts alleges that his requests for reasonable accommodations were denied when his reading glasses were broken in violation of the ADA, and his First, Eighth, and Fourteenth Amendment rights. *Id.* Counts contends that the DOC ADA director Melissa Maturan and DOC staff attorney Addyson Aguirre are responsible for these alleged violations. *Id.* at 1–2. Defendants did not respond to Counts's motion for leave to add new facts of discrimination.

With respect to Aguirre, Counts's motion to add new facts, which the court construed as a motion for leave to file a supplemental complaint setting out additional occurrences and events that have happened during the pendency of this action, is granted to the extent that Counts seeks to rely on these alleged occurrences and events in support of his claims against Aguirre that survived § 1915A screening. In his complaint and the supplements he filed before the court concluded its § 1915A screening, Counts did not name Maturan as a defendant. *See* Dockets 1, 11, 12, 13, 16, 18. But in this motion for leave to add new facts and new allegations of discrimination, Counts "asks the court for leave to add a new plaintiff [sic] for violating plaintiff's rights." Docket 90 at 3. When the entirety of Counts's motion is considered, it appears

6

that Counts's prayer for relief includes a clerical error and that the motion is reasonably construed as a motion for leave to add Maturan as a defendant in her official[1] capacity for the alleged violation of his rights under the First, Eighth, and Fourteenth Amendments as well as the ADA. This motion is granted.

### C.     Docket 101

Counts moves to add documents, facts, and additional claims for relief against Summit Food Services. Docket 101. Summit did not respond to Counts's motion. The court construes Counts's motion as a motion for leave to file an amended complaint against Summit. The court has not yet entered a scheduling order, and Rule 15(a)(2) provides that the court "should freely give leave when justice so requires." Thus, Counts's motion to add documents, facts, and additional claims for relief against Summit (Docket 101) is granted. Summit must respond to the additional documents, facts, and claimed relief on or before **July 19, 2024**.

### D.     Docket 124

Counts moves for leave to file a supplemental complaint alleging that additional defendants violated his First, Eighth, and Fourteenth Amendment rights. Docket 124. Specifically, Counts seeks to add Kayla Tinker, in her individual and official capacity (*id.* ¶¶ 1, 2); Cassidy Segich, in her individual and official capacity (*id.* ¶¶ 11, 12); and Angela Paraligia, in her individual and

---

[1] In his prayer for relief, Counts does not seek monetary damages. Rather, he seeks only injunctive relief. Docket 90 at 3.

official capacity (*id.* ¶ 20). Tinker is the director of medical for the DOC. *Id.* ¶ 1. Segich oversees the medical department at SDSP. *Id.* ¶ 11. Paraligia is the director of prisons for the DOC. *Id.* ¶ 20. Counts alleges that senior administration informed him that Paraligia has personal knowledge of his "situation for housing" and "is [the] one who is making the decisions where [Counts] is placed[.]" *Id.* ¶ 38. Counts's proposed supplemental complaint also alleges additional acts of discrimination by Melissa Maturan, the ADA director. *Id.* at ¶¶ 31–34. Finally, Counts's proposed supplemental complaint alleges additional facts in support of claims against Wasko and Fluke. *Id.* ¶¶ 29, 30, 36. Defendants did not respond to Counts's motion.

Based upon the court's review of Counts's proposed supplemental complaint, Counts's Eighth Amendment claims against Tinker, Segich, and Paraligia, in their individual capacities and official capacities for injunctive relief are sufficient to survive § 1915A screening. *See generally* Docket 20 at 58–63. Thus, Counts's motion for leave to file a supplemental complaint (Docket 124) is granted to the extent Counts seeks to assert Eighth Amendment claims against Tinker, Segich, and Paraligia, in their individual capacities for money damages and official capacities for injunctive relief only. Counts's request for leave to allege additional transactions, occurrences, or events in support of his Eighth Amendment claims against Wasko and Fluke, in their individual capacities for money damages and official capacities for injunctive relief only is granted. Finally, Counts's request for leave to allege additional acts of discrimination by Melissa Maturan, the ADA director, is also

8

granted. Counts's motion for leave to amend to assert any other claims is denied.

## II.    Counts's Miscellaneous Motions

### A.    Motion to Preserve Rights

Counts moves to preserve rights under SDCL § 20-9-1 to "prevent the dismissing of ANY and ALL Defendants under screening or otherwise." Docket 76. The South Dakota Supreme Court has stated that SDCL § 20-9-1 "simply recognizes the right of injured persons to recover from wrongdoers who fail to exercise ordinary care. It does not define the circumstances under which the law imposes a duty on an alleged tort-feasor[.]" *Millea v. Erickson*, 849 N.W.2d 272, 276 (S.D. 2014) (brackets in original) (quoting *Poelstra v. Basin Elec. Power Coop.*, 545 N.W.2d 823, 826 (S.D. 1996)). Even when Counts's complaint and numerous amended and supplemental complaints are liberally construed, they do not allege a negligence claim against any defendant. Further, because most of the defendants are current or former employees of MDSP, the SDSP, or the DOC, whether Counts may assert a state-law negligence claim against these defendants requires an analysis of various state-law immunity provisions. *See, e.g.*, SDCL §§ 3-21-8; 3-21-9(5); 3-21-10; 3-22-17. Based on the cursory allegations in Counts's motion to preserve rights, such analysis is not possible. Thus, Counts's motion to preserve rights (Docket 76) is denied.[2]

---

[2] Because Counts is proceeding pro se, this court must liberally construe his pleadings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but his pro so status does not excuse him from complying with the Federal Rules of Civil Procedure. *Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002). The

### B.    "Motions" Submitting Additional Evidence

Counts seeks leave to submit additional evidence in support of his claims. *See* Dockets 89, 120, 133. Counts's motions, Dockets 89, 120, and 133, as well as the attachments, Docket 89-1 and Docket 120-1, are part of the record, and Counts may cite and rely on these materials in support of any motion provided for in the Federal Rules of Civil Procedure or the District of South Dakota's Local Civil Rules of Practice that he may file. Counts may also cite and rely on these materials to oppose any motion the defendants may file. Going forward, if Counts files a motion seeking affirmative relief, he should include a brief identifying the Federal Rule of Civil Procedure on which he relies and file any supporting exhibits, attachments, affidavits, or declarations along with the motion and supporting brief. *See* D.S.D. Civ. LR 7.1.B. Thus, to the extent Counts seeks to make the cited and attached materials part of the record, Counts's motion for leave to file additional evidence (Docket 89), motion to disclose DOJ letter (Docket 120), and motion to add new facts (Docket 133) are granted. To the extent Counts seeks additional relief, his motions are denied because he did not comply with D.S.D. Civ. LR 7.1.B.

---

Federal Rules of Civil Procedure do not provide for "motions to preserve rights." If Counts wishes to request the grant of affirmative relief, the request should be set forth in a motion provided for or permitted by the Federal Rules of Civil Procedure or the District of South Dakota's Civil Local Rules of Practice and supported by a brief as required by D.S.D. Civ. LR 7.1(B) containing his legal arguments, supporting authorities, and the Federal Rule of Civil Procedure on which he relies.

## C.    Motion to Correct Motion for Attorney List and Legal Assistance

Counts requested that the court "order the department of corrections to give [him] access to attorneys phone list, to aid plaintiff in legal matters, plaintiff is not a trained litigator and does not know what orders he needs to file for his safety, since the DOC is putting [him] in direct danger daily." Docket 41 at 4. The court denied Counts's initial request without prejudice because Counts had not alleged that he has no means of contacting potential attorneys or demonstrated that the law library lacks phonebook or any other source that includes contact information for South Dakota attorneys. Docket 55 at 8–9. Counts has filed a supplemental motion for defendants to supply attorney list and legal assistance. Docket 91.

Counts's supplemental motion confirms that the law library at the SDSP does not have any phone books for prisoners to use to contact attorneys. *Id.* at 1; Docket 91-1 at 1. The supplemental motion also confirms that other than contact information for a few legal organizations, many of which handle only specific, discreet legal issues, the law library at the SDSP does not have a list of attorneys and their contact information available for prisoners. Docket 90 at 1–2; Docket 91-1 at 1. There is no dispute that no one trained in the law is available to assist inmates at the SDSP with legal filings or questions. Docket 90 at 1–2; Docket 91-1. Counts has filed multiple motions for appointment of

counsel, which the court has denied.[3] Docket 10; Docket 20 at 81; Docket 41 at 4; Docket 55 at 7–8; Docket 70; Docket 200 at 21–22. But appointing a specific attorney to represent an indigent prisoner at the court's expense is different than providing indigent prisoners a listing of attorneys to permit the prisoners to reach out to the attorneys directly to request legal assistance, including pro bono assistance. Further, the State defendants filed no objection to Counts's initial request for access to an attorney listing[4] or his supplemental motion. Thus, Counts's supplemental motion to supply attorney list (Docket 91) is granted. Defendants Wasko and Fluke are directed to make available at the law library at the SDSP in either hard copy or electronic form on the legal computers a listing from the South Dakota State Bar of the *active* members of the South Dakota state bar along with their contact information.

### D.    Motion to Reinstate Official Capacity Claims

In his initial complaint, Counts asserted claims for injunctive relief against defendants who are employees of MDSP. *See* Docket 1 ¶¶ 7–18, 20–21, 23–35, 37–38, 43, 45; Docket 16 ¶¶ 1, 26, 39; Docket 12 ¶ 13. The court dismissed these claims for injunctive relief on screening as moot because Counts was transferred to the SDSP. Docket 20 at 76, ¶ 2. Counts moves for

---

[3] When the court granted Counts's motion for evidentiary hearing, the court also granted his motion for appointment of counsel for only the evidentiary hearing. Docket 185 at 24.

[4] Counts's initial request appeared in the prayer for relief in one of the amended complaints. *See* Docket 41 at 1. The State defendants filed a motion to dismiss some, but not all, of Counts's claims, including some of his requested relief, but the State defendants' motion to dismiss did not address Counts's request for an attorney listing. *See* Dockets 73, 74.

reinstatement of these official capacity claims. Docket 116. In support of his motion, Counts alleges that Fluke was promoted to deputy director of prisons for the DOC and still has custody and control over Counts. *Id.* ¶ 3. Counts also alleges that "[a]ll medical staff is transferred between facilities when short staffed and still has custody and control over [him]." *Id.* Finally, Counts alleges that Stoebner is "out of retirement" and "has been appointed as associate warden at Jameson Annex in Sioux Falls[.]" *Id.*

To the extent Counts seeks to reinstate the official capacity claims against Fluke, his motion is denied as moot. One of Counts's supplemental complaints alleges that "Fluke has been appointed Deputy director of prisons, this means Brent Fluke now spends his time between prisons and is still in control of . . . Counts, at (SDSP)." Docket 21 ¶ 2. Because defendants had not yet been served and Counts had not previously amended his complaint, Counts was permitted to file an amended complaint. Docket 24 at 3. The caption on the order permitting Counts to file an amended complaint reflects the reinstatement of the official capacity claim against Fluke. *Id.* at 1.

Counts's request to reinstate the other official capacity claims is denied without prejudice. Although Stoebner allegedly "does security shake downs at SDSP during lock downs," Counts does not allege how security shake downs at SDSP are related to Counts's allegations against Stoebner in his initial complaint or his request for injunctive relief against Stoebner. Docket 116 ¶ 3. Counts alleges that he "must have contact with nursing staff from MDSP, while at SDSP[,]" but he does not allege how frequently this occurs nor does not he

13

identify the SDSP nurse or nurses with whom he must have contact at SDSP. Counts states that he has requested that none of the medical staff named as defendants in his lawsuit be permitted to treat him. *Id.* ¶ 4. If the court determines that Counts is entitled to injunctive relief based upon his Eighth Amendment deliberate indifference claims against the medical staff defendants, the court can order appropriate injunctive relief[5] based on the existing Eighth Amendment deliberate indifference official capacity claims.

In his motion to reinstate the official capacity claims, Counts requests that the court sanction the State defendants' attorney "for not keeping the court properly informed . . . of custody and control changes, as they were aware of them." *Id.* at 2. Counts has also filed a separate motion for sanctions for failure to make disclosures to the court. Docket 106. Counts's motion does not identify any court rule, case law, or court order that imposes an affirmative obligation on defendants' counsel to inform the court if statements in the court's previous orders are no longer accurate due to the passage of time. Thus, Counts's motions for sanctions for failure to make disclosures to the court (Dockets 106, 116) are denied.

### E.   Motion for Leave to File Motion for Lack of Knowledge or Information

Counts requests that the court enter an order, pursuant to Federal Rule of Civil Procedure 8(c)(2), based on his lack of knowledge or information.

---

[5] Whether the specific injunctive relief Counts requests is available in this § 1983 action is not before the court.

Docket 115. He urges that the court "consider the limited knowledge that plaintiff was given when reviewing plaintiff's motions[]" and permit all his claims to proceed to a jury. *Id.* at 3. Federal Rule of Civil Procedure 8(c)(2) provides that "[i]f a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated[.]" Counts, as the plaintiff, has not asserted any affirmative defenses or counterclaims. Rule 8(c)(2) does not apply in this situation. To the extent that Counts requests that the court liberally construe his pleading because he is proceeding pro so, the court is aware of the applicable legal standards when considering pro se filings and has considered and will continue to consider Counts's filings with these standards in mind notwithstanding his motion. For these reasons, Counts's Motion for Leave to File Motion for Lack of Knowledge or Information (Docket 115) is denied.

**F.    Motion to Preserve Evidence**

Counts moves for an order directing the Department of Corrections to preserve certain evidence, including all materials identified in Counts's Motion for Production of Documents and Discovery (Docket 43).[6] Docket 144. Defendants have not responded to Counts's motion. A party has an obligation to preserve evidence when the party knows that the evidence is relevant to

---

[6] The court denied Counts's motion for production of documents and discovery, but noted that the court presumes that defendants will respond to Counts's discovery requests in accordance with the Federal Rules of Civil Procedure. Docket 55 at 9–10.

future or current litigation. *Blazer v. Gall*, 1:16-CV-01046-KES, 2019 WL 3494785, at *3 (D.S.D. Aug. 1, 2019). "Generally, a defendant's duty to preserve evidence is triggered at the time the case is filed, unless the defendant before that time becomes aware of facts from which it should reasonably know that evidence is be preserved as relevant to future litigation." *Swindle v. Christy*, 2021 WL 5297047, at *9 (W.D. Mo. Mar. 4, 2021) (citation omitted). Regardless of whether the court grants Counts's motion to preserve evidence, defendants have an obligation to preserve any evidence that is relevant to the current litigation. Further, if defendants breach their duty to preserve evidence, the court has authority to impose spoliation sanctions. *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 745 (8th Cir. 2004) (recognizing that a district court's inherent power includes the ability to order an appropriate sanction for spoliation of evidence); Fed. R. Civ. 37(e) (outlining sanctions that may be ordered for failing to preserve electronically stored information). At this stage of the litigation, the court cannot determine whether all the evidence that is the subject of Counts's motion to preserve evidence is relevant to this litigation. Thus, Counts's motion to preserve evidence (Docket 144) is denied, but the denial of Counts's motion does not negate defendants' obligation to preserve evidence relevant to this litigation.

### G.   Motion to Dismiss Summit Food Service's Motion to Dismiss

After Summit filed its answer (Docket 119), Counts moved to dismiss Summit's "motion to dismiss" and requested that the court enter summary judgment in his favor. Docket 146. Summit did not respond to Counts's

motion. In the first paragraph of its answer, Summit alleges that "Plaintiff's Complaint fails to state a claim upon which relief can be granted." Docket 119 at 3, ¶ 1. While Summit included Rule 12(b) defenses in its answer, a motion to dismiss for failure to state a claim upon which relief can be granted "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Summit did not file a Rule 12(b)(6) motion before answering. Thus, Counts's motion to dismiss Summit's "motion to dismiss" is denied as moot.

Counts's request that the court enter summary judgment in his favor is also denied. It appears that Counts's request may be based on a misinterpretation of Summit's answer. Counts contends that "Defendants admit on page 3 that there are unclean surfaces, insects, animals, and rodents, that are entering the kitchen, and that in the dining hall there are unclean eating utensils, dirty floors, and dining tables." Docket 146 ¶ 3. In its answer, Summit "denies each and every matter, allegation, and thing in Plaintiff's Complaint [and Amended Complaints] except as specifically admitted or qualified herein." Docket 119 at 2–3, ¶ 2. Summit did not specifically admit that there are unclean surfaces, insects, animals, and rodents, that are entering the kitchen, and that in the dining hall there are unclean eating utensils, dirty floors, and dining tables. Rather, Summit alleges, as an affirmative defense, that Counts lacks standing to assert some claims because he "does not allege he suffered any adverse health consequences, injuries, for [sic] damages as a result of insects, rodents, or animals entering the Mike Durfee State Prison. . . . [and] also does not allege he was injured or damaged

17

by unclean eating utensils, floors, or dining hall tables." *Id.* ¶ 6. Counts questions the factual basis underlying this affirmative defense as well as other affirmative defenses Summit raises, but the court will consider the viability of any of the affirmative defenses Summit raises if Summit files a dispositive motion arguing that some or all of Counts's claims should be dismissed on the basis of an affirmative defense.

Counts asserts that he suffered a permanent injury that Summit admits. Docket 146 ¶ 12. Counts references his motion to add documents, facts, and additional claims for relief against Summit, which this court has construed as a motion for leave to file an amended complaint against Summit. *See* Docket 101. As noted previously, the court has granted leave to Counts to file his proposed amended complaint and ordered Summit to answer or otherwise respond. *See supra* at 7. To the extent Counts seeks relief because Summit did not respond to the additional allegations in his motion to add documents, facts, and additional claims for relief against Summit, his request is denied.

Finally, the court notes that Counts did not, as required by D.S.D. Civ. LR 56.1.A, support his motion for summary judgment with a statement of material facts presenting each material fact "in a separate numbered statement with an appropriate citation to the record in the case." For these reasons, Counts's request that the court enter summary judgment in his favor is denied.

### H.    Motion for Default Judgment Against Tracy Fisher

Tracy Fisher was served on January 23, 2024. Docket 82 at 1. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), the deadline for Fisher to

answer or otherwise respond was February 13, 2024. On April 26, 2024, Counts filed a motion for default judgment against Fisher. Docket 181. Fisher objects to Counts's motion for default judgment because Fisher timely filed a dispositive motion indicating her desire to defend the action.[7] Docket 183. The Clerk of Court construed Counts's motion for default judgment (Docket 181) as a motion for entry of default under Rule 55(a). Docket 184. The Clerk of Court declined to enter a default against Fisher because the record is sufficient to establish Fisher's desire to defend this action. Docket 184 at 6. Because no default was entered against Fisher, Counts's motion for default judgment against Fisher (Docket 181) is denied. *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (explaining that "entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)").

Thus, it is ORDERED:

1.  That Counts's unopposed motion for leave to file a supplemental complaint requesting additional relief from Aramark and Summit (Docket 75) is granted. Aramark and Summit are not required to respond to the supplemental complaint.

---

[7] Fisher's counsel notes that Counts's belief that Fisher is in default may stem from the fact that Fisher is not one of the defendants named in his original notice of appearance. Docket 183 at 2–3; *see also* Docket 36. But the State defendants' counsel has filed other pleadings that indicate that Fisher is one of his clients. The court notes that this defendant's name is spelled differently in the notice of appearance filed in response to Counts's motion for default judgment than it is spelled in the caption. *See* Docket 182. Thus, the court is correcting the spelling of this defendant's name in the caption to avoid confusion.

2.      That Counts's unopposed motion to add new facts and allegations of discrimination (Docket 90) is granted to the extent that Counts seeks to rely on these alleged occurrences and events in support of his claims against Aguirre that survived § 1915A screening. Aguirre is not required to respond to allegations against her in this supplemental complaint.

3.      That Counts's unopposed motion to add new facts and allegations of discrimination (Docket 90) is granted to the extent that Counts seeks to add Melissa Maturan, DOC ADA director, as a defendant in her official capacity for the alleged violation of his rights under the First, Eighth, and Fourteenth Amendments as well as the ADA.

4.      That Counts's unopposed motion to add documents, facts, and additional claims for relief against Summit (Docket 101) is granted. Summit must respond to the additional documents, facts, and claimed relief on or before **July 19, 2024**.

5.      That Counts's unopposed motion for leave to file a supplemental complaint (Docket 124) is granted in part and denied in part. It is granted to the extent Counts seeks to assert Eighth Amendment claims against Tinker, Segich, and Paraligia, in their individual capacities for money damages and official capacities for injunctive relief only. Counts's request for leave to allege additional transactions, occurrences, or events in support of his Eighth Amendment claims against Wasko and Fluke, in their individual

20

capacities for money damages and official capacities for injunctive relief only is granted. Counts's request for leave to allege additional acts of discrimination by Melissa Maturan, the ADA director, is also granted. Wasko, Fluke, and Maturan are not required to respond to Counts's supplemental complaint. *See* Fed. R. Civ. P. 15(d).

6. That the Clerk of Court shall send blank summons forms and Marshal Service Forms (Form USM-285) to Counts so that he may cause the supplemental complaints (Dockets 90, 124) to be served upon defendants Maturan, Tinker, Segich, and Paraligia.

7. That Counts shall complete and send the Clerk of Court a separate summons and USM-285 form for defendants Maturan, Tinker, Segich, and Paraligia.

8. That the United States Marshal Service shall serve the completed summons, together with a copy of the supplemental complaints (Dockets 90, 124) and this order upon defendant Maturan.

9. That the United States Marshal Service shall serve the completed summons, together with a copy of the supplemental complaint (Docket 124) and this order upon defendants Tinker, Segich, and Paraligia.

10. That defendants Maturan, Tinker, Segich, and Paraligia will serve and file an answer or responsive pleading to the supplemental complaint(s) on or before 21 days following the date of service.

11. That Counts's motion to preserve rights (Docket 76) is denied.

12.   That Counts's motion for leave to file additional evidence (Docket 89), motion to disclose DOJ letter (Docket 120), and motion to add new facts (Docket 133) are granted in part and denied in part.

13.   That Counts's supplemental motion to supply attorney list (Docket 91) is granted. Defendants Wasko and Fluke are directed to make available at the law library at the SDSP in either hard copy or electronic form on the legal computers a listing from the South Dakota State Bar of the *active* members of the South Dakota state bar along with their contact information.

14.   That Counts's Motion to Reinstate Official Capacity Claims (Docket 116) is denied.

15.   That Counts's motions for sanctions (Dockets 106, 116) are denied.

16.   That Counts's Motion for Leave to File Motion for Lack of Knowledge or Information (Docket 115) is denied.

17.   That Counts's Motion to Preserve Evidence (Docket 144) is denied.

18.   That Counts's motion to dismiss Summit Food Service's "motion to dismiss" (Docket 146) is denied.

19.   That Counts's motion for default judgment against Fisher (Docket 181) is denied.

20.   That the caption is amended to correct the spelling of defendant

Fisher's name. The correct spelling is Fischer.

Dated July 5, 2024.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE