UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID L. COUNTS,<br><br>     Plaintiff,<br><br>  vs.<br><br>KELLIE WASKO, in her individual and official capacities; BRENT FLUKE, in his individual and official capacities; ALEJANDRO REYES, in his individual capacity; REBECCA SCHIEFFER, in her individual capacity; ROB CARUNA, in his individual capacity; MARK STOEBNER, in his individual capacity; TRAVIS TJEERDSMA, in his individual capacity; LAINE SCHRYVERS, in his individual capacity; TAMMY DOYLE, in her individual capacity; MIKE DOYLE, in his individual capacity; LEE KAUFENBERG, in his individual capacity; KIM HALVERSON, in her individual capacity; DR. AARON HAYNES, in his official and individual capacities; KRIS VENOSDEL, in his individual capacity; TIFFANY VOIGT, in her individual capacity; GTL TECHNOLOGY, aka ViaPath Technology, in its individual capacity; JENNIFER WILSON, in her individual capacity; STEPHANIE HAMILTON, in her individual capacity; KARRISA ZIMMER, in her individual capacity; BRENDA MUDDER, in her individual capacity; TRACY FISCHER, in her individual capacity; CANDICE FEJFAR, in her individual capacity; BRITTNEY MCGRATH, in her individual capacity; DAYNA KLAWITTER, in her individual capacity; JANELLE BASTEMEYER, in her individual capacity; AMANDA | 4:23-CV-04103-KES<br><br>ORDER ON GTL'S MOTION TO DISMISS, ARAMARK'S MOTION TO DISMISS, AND RELATED MOTIONS |

DEJONG, in her individual capacity; ELIZABETH PAUL, in her individual capacity; RACHEL TYCZ, in her individual capacity; STEPHEN BAKER, in his individual capacity; CASSIE DEFENBAUGH, in her individual and official capacities; MARRY [sic] CARPENTER, in her individual capacity; BRITTNEY LENGKEEK, in her individual and official capacities; DR. MELVIN WALLINGA, in his official and individual capacities; ARAMARK FOOD SERVICES, in its official capacity; UNKNOWN DOC EMPLOYEES, in their individual and official capacities; UNKNOWN DEPARTMENT OF HEALTH EMPLOYEES, in their individual and official capacities; UNKNOWN DOC CONTRACTORS, in their individual and official capacities; AUDRA STROM, in her individual capacity; ROBYN STOLZ, in her individual capacity; VANESSA GEBES, in her individual capacity; DEB EILERS, in her individual capacity; ADDYSON AGUIRRE, in her individual and official capacities; CARISSA WAREMBOURG, in her individual capacity; KIM LIPPINCOTT, in her individual capacity; JOSEPHINE PECHOUS, in her individual and official capacities; TABITHA LARSEN, in her individual and official capacities; SUMMIT FOOD SERVICE; KELLY TJEERDSMA, in her individual and official capacities; MELISSA MATURAN, in her official capacity; KAYLA TINKER, in her individual and official capacities; CASSIDY SEGICH, in her individual and official capacities; and ANGELA PARALIGIA, in her individual and official capacities,

                    Defendants.

Plaintiff, David L. Counts, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Docket 1. Counts's claim against GTL Technology, aka ViaPath Technology (GTL), alleging deprivation of his First Amendment right of access to the courts survived § 1915A screening. Docket 20 at 76–77. GTL moves to dismiss Counts's claim under Federal Rule of Civil Procedure 12(b)(6). Docket 108. Counts's conditions-of-confinement claim against Aramark Food Services (Aramark) survived § 1915A screening. Docket 20 at 79. Aramark moves to dismiss Counts's conditions-of-confinement claim under Federal Rule of Civil Procedure 12(b)(6). Docket 128. The court now considers these motions along with the parties' related motions.

I.   **Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the complaint. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). When considering a Rule 12(b)(6) motion, the facts alleged in the complaint must be considered true, and all inferences must be drawn in favor of Counts, the nonmoving party. *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (citing *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002)). To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet the plausibility standard, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But "if as a

matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations' . . . a claim must be dismissed[.]" *Neitzke*, 490 U.S at 326–27 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## II. GTL's Motion to Dismiss and Related Motions

### A. GTL's Motion to Dismiss

Counts's claim against GTL alleging deprivation of his First Amendment right of access to the courts survived § 1915A screening. Docket 20 at 76–77. GTL moves to dismiss Counts's claim under Federal Rule of Civil Procedure 12(b)(6). Docket 108. Counts opposes GTL's motion to dismiss.[1] Docket 131.

When Counts commenced this lawsuit, he was incarcerated at Mike Durfee State Prison (MDSP). Docket 1 ¶ 5. He is now incarcerated at the South Dakota State Penitentiary (SDSP). Docket 19. Inmates at MDSP and the SDSP can access legal research materials, such as Lexis/Nexis or Westlaw, using tablets provided by GTL. Docket 1 ¶ 22; Docket 40 at 4. Counts alleges that when using a GTL tablet, he has experienced intermittent problems with connectivity, speed, and access. Docket 1 ¶ 386; *see also id.* ¶¶ 387–390. As a result, Counts claims that he has had problems logging onto his tablet and accessing LEXIS. *Id.* ¶ 386. Counts argues that the legal research materials available on the tablets are not comparable to the DOC's prior practice of

---

[1] Counts styled his opposition as a motion to dismiss GTL's motion to dismiss. Docket 131.

4

providing law books and a contract attorney to assist inmates with legal filings. *Id.* ¶¶ 379–380, 382–383, 391.

GTL argues that Counts's access-to-the-courts claim should be dismissed because Counts's complaint and supplements do not allege any actual injury. *See generally* Docket 109. To state a viable claim for violation of his First Amendment right to access the courts, Counts must allege he suffered an actual injury as a result of the defendant's conduct. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). To satisfy the actual injury requirement, Counts must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Johnson v. Missouri*, 142 F.3d 1087, 1089 (8th Cir. 1998) (quoting *Lewis*, 518 U.S. at 353). As the Supreme Court has explained the actual injury requirement:

> Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. . . . Insofor as the right vindicated by *Bounds* is concerned, meaningful access to the courts is the touchstone, and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable to even a file a complaint.

*Lewis*, 518 U.S. at 351 (internal quotation omitted). According to the Eighth Circuit, "*Lewis* limits the scope of the right of access to the courts to the filing

of an action attacking a sentence or challenging conditions of confinement." *Cody v. Weber*, 256 F.3d 764, 770 (8th Cir. 2001).

In his response to GTL's motion to dismiss, Counts asserts that because Westlaw is "sub-par and difficult to navigate[,]" it has limited his "ability to file legal action, in a timely manner which has caused injury to [his] lungs and heart." Docket 131 at 2; *see also id.* ("GTL is providing legal service to [Counts] that is sub-par and difficult to navigate and has very restricted services or use."). Counts's complaint and supplements do not allege that his difficulties accessing or navigating any electronic legal research database have actually impeded his ability to file a meritorious claim challenging his conditions of confinement. *See generally* Docket 1 ¶¶ 360–398; Docket 40 at 4; Docket 40-1 at 9–13. Further, alleged physical injury caused by allegedly unconstitutional conditions of confinement a prisoner is challenging in pending litigation is not the type of injury the Supreme Court has recognized as an actual injury sufficient to state a claim for violating an inmate's First Amendment right to access the courts. According to the Supreme Court, "we leave it to prison officials to determine how best to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their . . . conditions of confinement. . . . [and] it is that capability . . . that is the touchstone." *Lewis*, 518 U.S. at 356–57. "The state has no obligation to 'enable the prisoners . . . to *litigate effectively once* in court.' " *White v. Kautzky*, 494 F.3d 677, 680 (quoting *Lewis*, 518 U.S. at 354) (italics in original).

Counts provided a copy of an article reporting that GTL had been sanctioned for discovery violations in a class action suit pending in the Northern District of Georgia. Docket 131 at 4. Counts argues that the article shows "that GTL has a history of providing false information and documents to the court[, and] [t]he same attorneys . . . [are] representing GTL in this case, as the case referenced." *Id.* at 5. GTL contends that incorporating a news article regarding a wholly unrelated case in a brief opposing a motion to dismiss is "inappropriate." Docket 148 at 5–6. The article Counts incorporates identifies only the attorneys who represented the plaintiffs in the Georgia class action suit. Docket 131 at 4. The article does not identify the attorneys who represented GTL in the Georgia action. *Id.* GTL's counsel states that different attorneys from different law firms represented GTL in the Georgia class action, Docket 148 at 6, and a review of the CM/ECF docket entries in the Georgia class action confirms that GTL's counsel's representation to this court is accurate. *Githieya v. Glob. Tel\*Link Corp.*, 1:15-CV-986 (N.D. Ga.). Because GTL has filed a motion to dismiss testing the sufficiency of the allegations in Counts's complaint, whether GTL was sanctioned for discovery violations in a different case, pending in a different jurisdiction, and involving different attorneys, the referenced news article has no bearing on whether Counts's claims against GTL in this case should be dismissed under Rule 12(b)(6).

B. **Counts's Motion for Leave to Respond to GTL's Reply Brief and to Submit Additional Evidence**

Counts seeks leave to "submit [a] reply to GTL (AKA VIA PATH) motion to dismiss, and [to add] new facts and new documents showing chain of

7

causation." Docket 159. *See also* Docket 180 (motion for leave to add new evidence). GTL opposes Counts's motions. Dockets 176, 188.

The District of South Dakota's local rules do not contemplate surreply briefs in opposition to a motion as a matter of right. D.S.D. Civ. LR 7.1.B. A party may seek leave for permission to file a surreply when the moving party's reply brief contains new information or arguments for which an opportunity to respond is needed. *Atuahene v. S.D. State Univ.*, 4:07-CV-04099-KES, 2009 WL 1586952, at *8 (D.S.D. June 4, 2009) (citing *Skodmin v. Olivia*, 2006 WL 2711481, at *1 (D. Colo. Sept. 20, 2006)). GTL's reply brief in support of its motion to dismiss (Docket 148) does not contain any new information or arguments that warrant a surreply. Counts's motion for leave to respond to GTL's reply brief (Docket 159) is denied.

Counts's motion for leave to respond to GTL's reply brief (Docket 159), along with his motion for leave to submit additional evidence (Docket 198), is denied for the added reason that whether Counts ultimately will be able to provide evidence to support the allegations in his complaint and the various supplements he has filed is not the relevant issue before the court. GTL filed a Rule 12(b)(6) motion to dismiss, which means that the court must accept as true all his well-pleaded allegations, including his allegation that because of "problems with connectivity, speed, and access[,] . . . many inmates, including [Counts], frequently have problems logging onto the [GTL] tablet and reaching LEXIS [now Westlaw] or any of the included apps." Docket 1 ¶ 386; *see also id.* ¶ 395 (alleging that implementation of Westlaw "has been slow and only

8

intermittently available"). Counts seeks to offer evidence to refute GTL's assertion that "there were no issues with [Counts] being able to access the courts, through their client[']s West Law application[.]" Docket 198 ¶ 2. GTL did not move to dismiss Counts's access-to-courts claim because there are no issues with the GTL tablets or the legal research applications available on the tablets. GTL moved to dismiss Counts's access-to-courts claim because Counts does not allege with any specificity that a specific nonfrivolous claim or lawsuit has actually been impeded because of issues using a GTL tablet. Docket 109. Counts's proposed surreply and additional evidence do not cure his failure to satisfy the actual injury element of an access-to-courts claim. For these reasons, GTL's motion to dismiss (Docket 108) is granted, and Counts's motions to dismiss GTL's motion to dismiss (Docket 131), and motion for leave to add new evidence (Docket 198) are denied.

    **C.**    **Counts's Request for Sanctions**

Counts requests that the court sanction GTL's counsel "for being dishonest with the court" (Docket 180 at 2) and "lying to the court" (Docket 198 at 2). The record does not indicate that GTL's counsel has engaged in any conduct that would be a basis for sanctions. Counts's requests for sanctions against GTL's counsel (Docket 180 at 2; Docket at 198 at 2) are denied.

## II. Aramark's Motion to Dismiss

Aramark moves to dismiss Counts's claims for failure to state a claim upon which can be granted. Docket 128. Counts opposes Aramark's motion to dismiss.[2] Docket 197.

### A. Counts's Motion to Strike Aramark's Motion to Dismiss as Untimely

#### 1. Procedural Background

Before the court can addresses the merits of Aramark's motion to dismiss, the court must consider Counts's motion to strike Aramark's motion to dismiss as untimely. Aramark's motion to dismiss was filed eight days late (Docket 141 at 5), and Aramark did not file a motion pursuant to Federal Rule of Civil Procedure 6(b)(1) to extend the time for responding to Counts's complaint. Counts moved for summary judgment in his favor and against Aramark because Aramark did not timely respond to the complaint. Docket 157. Although the court ruled that Counts was not entitled to summary judgment because Aramark did not timely respond to this complaint (Docket 178 at 5), the court construed Counts's March 27, 2024 letter (Docket 172) as a motion to strike Aramark's motion to dismiss as untimely and ordered Aramark to show cause why its motion to dismiss should not be stricken as untimely. Docket 178 at 5. Aramark contends that its failure to meet the deadline to respond to Counts's complaint was due to excusable neglect and

---

[2] Counts styled his opposition as a motion to dismiss Aramark's brief in support of its motion to dismiss. Docket 197.

10

that Counts's motion to strike its motion to dismiss as untimely should be denied. Docket 192.

### 2. Factual Background

Aramark's kitchen manager[3] was served on January 31, 2024. Docket 104. In response to the court's order to show cause, Aramark's counsel submitted an affidavit averring that Aramark's counsel believed that Aramark had been served on February 9, 2024, because that is the information that Aramark communicated to its counsel. Docket 193 ¶ 10. Believing that Aramark had been served on February 9, 2024, Aramark's counsel filed a notice of appearance and motion to dismiss on February 29, 2024, before what she believed to be the 21-day deadline to answer or otherwise respond. *Id.* ¶ 12.

### 3. Legal Analysis

Federal Rule of Civil Procedure 6(b)(1)(B) permits the court to extend the time for a party to submit a filing "if the party failed to act because of excusable neglect." "Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.' " *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380,

---

[3] Aramark notes that its registered agent in Pierre, South Dakota, was not served with a copy of the summons and complaint. Docket 192 at 4; *see also* Docket 193 ¶ 5 ("service should have been directed to its registered agent"). But Aramark did not move to dismiss for insufficiency of service of process under Rule 12(b)(5).

11

392, 388 (1993)). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395). Factors to consider include: "(1) the possibility of prejudice to the [non-moving party], (2) the length of the delay and the potential impact on judicial proceedings, (3) the reasons for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith." *Kurka v. Iowa Cnty.*, 628 F.3d 953, 959 (8th Cir. 2010).

Taking into account the relevant factors and Aramark's explanation, the court declines to strike Aramark's motion to dismiss as untimely. In this case, the delay was brief, only eight days, and early in the litigation. Counts has not argued this this brief delay will prejudice him or have any impact on the proceedings. The Eighth Circuit has "frequently endorsed the strong judicial policy against default judgments," and has held that "a marginal failure to comply with time requirements" should not prejudice the non-moving party. *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993) (internal quotation and citation omitted); *see also Chorosevic*, 600 F.3d at 947 (recognizing that there may be more justification for allowing an extension of time when the judicial disfavor for default is implicated).

Aramark has provided a satisfactory explanation for its failure to timely respond. When Aramark retained counsel to defend this action, Aramark did not communicate the correct date of service. Docket 193 ¶¶ 4, 10. There is no indication this was anything other than an inadvertent mistake, and there was

12

no bad faith.[4] Excusable neglect "does not require a showing that the party was without fault[.]" *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 857 (8th Cir. 2010). Under similar circumstances, the Eighth Circuit has held that it is an abuse of discretion not to find excusable neglect. *See, e.g., Union Pac. R.R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 782–83 (8th Cir. 2001) (finding that district court abused its discretion by not finding excusable neglect where defendant failed to file an answer because of "faulty record-keeping" in the legal department); *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784–85 (8th Cir. 1998) (holding an abuse of discretion occurred when the district court did not set aside a default that resulted from "poor communication" between the defendant, its attorney, and its insurer).

B.   **Aramark's Motion to Dismiss**

Counts alleges that Aramark contracts with the DOC as the food and commissary provider. Docket 1 ¶ 42; Docket 1 at 131. A corporate entity is "liable under § 1983 only when the entity itself is a 'moving force' behind the violation. That is, the entity's official 'policy or custom' must have 'caused' the constitutional violation . . . ." *Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir.

---

[4]Aramark's response to the order to show cause states that the return of service was filed with the court on February 7, 2024 (Docket 192 at 1) but does not state whether Aramark's counsel checked CM/ECF to confirm the date of service after she was first contacted on February 14, 2024. Rather, it appears that Aramark's counsel relied on what her client communicated regarding the date of service and filed a responsive pleading twenty days after the date she believed was the date of service. *Id.* at 4–5; Docket 193 ¶ 10. Given the totality of the circumstances when considering the relevant factors identified by the Supreme Court and the Eighth Circuit, in this case, the court concludes that this inadvertence or oversight constitutes excusable neglect.

13

1987). Aramark argues that Counts's "Complaint is devoid of any allegations that support the existence of a policy or widespread custom sufficient to sustain a claim for relief under *Monell*." Docket 129 at 5. The court disagrees.

A § 1983 complaint does not need to "specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (citing *Doe ex rel. Doe v. Sch. Dist.*, 340 F.3d 605, 614 (8th Cir. 2003)). To establish corporate liability premised on an unofficial custom rather than a policy, a plaintiff must allege facts to support a finding of "a continuing, widespread, persistent pattern of unconstitutional misconduct by the [corporate] entity's employees" and "deliberate indifference to or tacit authorization of such conduct by the [corporate] entity's policymaking officials after notice to the officials of that misconduct[.]" *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (quoting *Corwin v. City of Indep.*, 829 F.3d 695, 700 (8th Cir. 2016)). If the complaint includes some allegation, reference, or language that creates an inference that the conduct resulted from an unconstitutional policy or custom, then the *Monell* liability claims will survive a motion to dismiss. *Crumpley-Patterson*, 388 F.3d at 591; *see also Doe*, 340 F.3d at 614 ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.").

Aramark describes Counts's allegations as "receiv[ing] occasional servings of food that were inadequate or unsatisfactory in some way[.]" Docket 129 at 9. Giving Counts the benefit of all reasonable inferences, his complaint

14

cannot be construed as alleging that he receives *on occasion* inadequate or unsatisfactory food. Counts began working in the MDSP kitchen in December 2022 but was terminated due to a write-up. Docket 1 ¶¶ 208, 327, 332. Counts's job was to order food for and to prepare Kosher diet trays. *Id.* ¶ 327. Halverson told Counts "to keep food costs low and to make the Kosher diets worse so inmates would go back to the regular meals." *Id.* Counts was told to ignore the menu and make food that did not meet the calorie count or nutrition requirements "because no one ever looks at the kitchen and the State will protect [Aramark's on-site supervisor] from any questions." *Id.* ¶ 332. Counts alleges that diet trays *often* include substitutions of items that are not of equivalent nutritional values. *Id.* ¶ 357 (emphasis added). If the allegations in Counts's complaint are accepted as true, which the court must do at this stage, Aramark's on-site supervisor, who appears responsible for executing Aramark's contract with the DOC, has engaged in a widespread pattern, which is continuing, of intentionally providing meals that are nutritionally inadequate or do not comply with inmates' religious beliefs to save money. These allegations are sufficient to state an Eighth Amendment conditions of confinement claim against Aramark. Aramark's motion to dismiss (Docket 128) is denied.

       Thus, it is ORDERED:

1. That GTL's motion to dismiss (Docket 108) is granted, and Counts's motion to dismiss GTL's motion to dismiss (Docket 131) is denied.

2. That Counts's motion for leave to respond to GTL's reply brief (Docket 159) and his motion for leave to submit additional evidence (Docket 198) are denied.

3. That Counts's requests for sanctions against GTL's counsel (Docket 180 at 2; Docket at 198 at 2) are denied.

4. That Counts's motion to strike Aramark's motion to dismiss (Docket 172) as untimely is denied.

5. That Aramark's motion to dismiss (Docket 128) is denied. Aramark must file its answer on or before **September 18, 2024**.

6. That Counts's motion to dismiss (Docket 197) is denied as moot.

Dated September 4, 2024.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE