UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID L. COUNTS,<br><br>               Plaintiff,<br><br>vs.<br><br>KIM HALVERSON, in her individual capacity; ARAMARK FOOD SERVICES, in its official capacity; UNKNOWN DOC EMPLOYEES, in their individual and official capacities; UNKNOWN DEPARTMENT OF HEALTH EMPLOYEES, in their individual and official capacities; UNKNOWN DOC CONTRACTORS, in their individual and official capacities; and SUMMIT FOOD SERVICE,<br><br>               Defendants. | 4:23-CV-04103-KES<br><br>ORDER ON DEFENDANT FLUKE AND WASKO'S MOTION TO STAY OR, IN THE ALTERNATIVE, MOTION TO RECONSIDER |

By order dated July 5, 2024, the court granted Plaintiff David L. Counts's unopposed motion for defendants to supply attorney list and legal assistance. Docket 220 at 11–12. Specifically, the court directed defendants Wasko and Fluke "to make available at the law library at the SDSP in either hard copy or electronic form on the legal computers a listing from the South Dakota State Bar of the *active* members of the South Dakota state bar along with their contact information." *Id.* at 12, 22. Counts informed the court that defendants Wasko and Fluke had not complied with the court's order as of August 13, 2024. Docket 255-3. The court ordered defendants Wasko and Fluke to show

cause why they had not complied with the court's order on or before September 4, 2024. Docket 257.

## DISCUSSION

In their response to the court's order to show cause, Fluke and Wasko request that the court stay its July 5, 2024, order, or, in the alterative reconsider its Order. Docket 263 at 1. Fluke and Wasko note that the court did not "request a response from the State Defendants or otherwise indicate that a ruling on Counts's request for a preliminary injunction was imminent before entering its July 5 Order." Docket 263 at 2. In some cases, the court may specifically request that a party respond to a pending motion or request before ruling, but neither the Federal Rules of Civil Procedure nor the District of South Dakota's local rules mandate that the court notify the parties before it rules on a pending motion. The local rules provide that "[o]n or before 21 calendar days after service of a motion and brief, unless otherwise specifically order by the court, all opposing parties must serve and file a responsive brief containing opposing legal arguments and authorities in support thereof." D.S.D. Civ. LR 7.1.B.

On January 12, 2024, the court denied Counts's motion for defendants to produce an attorney phone list without prejudice because Counts had "not shown that the legal library lacks a phonebook or any other source that includes attorney's contact information." Docket 55 at 9. Counts then filed a separate "motion to correct motin [sic] for defendants to supply attorney list, and legal assistance". Docket 91. The court construed Counts's motion, Docket

2

91, as a supplemental motion for defendants to provide an attorney list. Counts's supplemental motion confirms that the law library at the SDSP does not have any phone books for prisoners to use to contact attorneys. *Id.* at 1; Docket 91-1 at 1. The supplemental motion also confirms that other than contact information for a few legal organizations, many of which handle only specific, discreet legal issues, the law library at the SDSP does not have a list of attorneys and their contact information available for prisoners. Docket 90 at 1–2; Docket 91-1 at 1. There is no dispute that no one trained in the law is available to assist inmates at the SDSP with legal filings or questions. Docket 90 at 1–2; Docket 91-1. None of the defendants, including Fluke and Wasko, responded to Counts's supplemental motion or disputed any of the facts Counts alleged in support of his supplemental motion. Thus, the court considered the motion unopposed. The court had previously denied a similar motion without prejudice. When Counts filed a supplemental motion providing additional facts that he had not submitted in support of his initial motion, defendants, including Fluke and Wasko, should have responded to the supplemental motion if they disputed the facts or legal arguments on which the motion is premised. They did not do so.

After considering Fluke and Wasko's response to the order to show cause, Docket 263, there is no basis to sanction Fluke and Wasko for not complying with the court's July 5, 2024, order. Fluke and Wasko identified legitimate security concerns that necessitated redacting the list of active members of the South Dakota State Bar before making the listing available to

3

prisoners at the SDSP. *See* Docket 264 ¶¶ 4–5. Fluke and Wasko were taking reasonable steps to comply with the court's order.

Fluke and Wasko request that the court "stay its Order to Show Cause[] pending the imminent resolution of the case." Docket 263 at 5. The dismissal of Counts's claims against the State Defendants, *see* Dockets 268, 269, 273, does not invalidate or render the court's July 5 order moot. When the court granted the joint motion to dismiss Counts's claims against the State Defendants, Counts's supplemental motion for defendants to provide an attorney contact list, Docket 91, was not pending. The court granted that motion on July 5, 2024, *see* Docket 220 at 11–12, and Fluke and Wasko did not timely[1] advise the court of any logistical concerns related to the specific relief the court had ordered until after the court entered an order to show cause.

The case on which Fluke and Wasko rely, *Brooks v. Roy,* 556 F. App'x 553 (8th Cir. 2014) (per curiam), an unpublished decision from the Eighth Circuit, is distinguishable and does this deprive this court of jurisdiction to enforce its July 5, 2024 order. In *Brooks,* the district court denied a pro se prisoner's motion for preliminary injunction, and Brooks appealed the denial of his motion for preliminary injunction. *Id.* While Brooks's appeal was pending, the district court dismissed Brooks's underlying case because Brooks had failed to exhaust his administrative remedies. *Id.* Because the underlying

---

[1] The order to show cause, Docket 257, was entered on August 21, 2024, seven weeks after the court's July 5, 2024, order granting Counts's supplemental motion to supply attorney list, Docket 220 at 11–12.

4

lawsuit had been dismissed, the Eighth Circuit determined that it could "no longer grant Brooks the relief he seeks." *Id.* The Eighth Circuit reasoned that an interlocutory appeal from the denial of a motion for preliminary injunction becomes moot once the district court enters a final judgment. *Id.* The Eighth Circuit did not consider whether a district court retains ancillary jurisdiction after entry of judgment to enforce an order entered prior to entry of judgment.

"It is well established that a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). After a case is closed and judgment is entered, "a district court retains ancillary jurisdiction to 'manage its proceedings, vindicate its authority, and effectuate its decrees.' " *Jenkins v. Kansas City, Mo. Sch. Dist.*, 516 F.3d 1074, 1081 (8th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 380 (1994)). Although the court dismissed Counts's claims against the State Defendants and entered judgment in favor of the State Defendants, *see* Dockets 269, 273, the court retains jurisdiction to enforce the orders it entered before the claims against the State Defendants were dismissed. *See Cooter & Gell*, 496 U.S. at 396 ("A court may make an adjudication of contempt and impose a contempt sanction even after the action in which the contempt arose has been terminated.) Thus, the court's Order to Show Cause is not moot.

In the alternative, Fluke and Wasko request that the court "allow the State Defendants additional time to remove the contact information for judges, prosecutors, and retired attorneys before providing the Bar Directory to the

5

inmates at SDSP." Docket 263 at 6. The court agrees that the security concerns outlined in Fluke and Wasko's response to the order to show cause, Docket 263 at 3, need to be addressed. Thus, Fluke and Wasko may have **thirty (30) days** to remove the contact information for judges, prosecutors, and retired attorneys. The court granted Counts's supplemental motion for attorney listing because the SDSP does not make available to prisoners *any* resources, including phone books or an attorney contact list, for prisoners to use to contact attorneys. The court will not reconsider that portion of its July 5, 2024 order requiring the SDSP to make available resources to permit indigent prisoners to reach out to attorneys to request legal assistance, including pro bono assistance. But if Fluke and Wasko want to propose an alternative reasonable manner to make available to inmates a listing of South Dakota attorneys, with their business addresses and/or business telephone numbers, Fluke and Wasko should do so by **October 15, 2024**. Thus, it is

ORDERED that defendant Fluke and Wasko's motion to stay or, in the alternative, motion to reconsider (Docket 263) is granted in part and denied in part. Fluke and Wasko must comply with the court's July 5, 2024 order subject to the modifications outlined in this order by **November 6, 2024**, unless an alternative manner is proposed to the court by **October 15, 2024**.

Dated October 7, 2024.

                                                                       BY THE COURT:

                                                                       /s/ *Karen E. Schreier*
                                                                       KAREN E. SCHREIER
                                                                       UNITED STATES DISTRICT JUDGE