UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID L. COUNTS,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>KIM HALVERSON, in her individual capacity; ARAMARK FOOD SERVICES, in its official capacity; UNKNOWN DOC EMPLOYEES, in their individual and official capacities; UNKNOWN DEPARTMENT OF HEALTH EMPLOYEES, in their individual and official capacities; UNKNOWN DOC CONTRACTORS, in their individual and official capacities; and SUMMIT FOOD SERVICE,<br><br>　　　　　　　Defendants. | 4:23-CV-04103-KES<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND MOTION TO COMPEL |

　　　Plaintiff, David L. Counts, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Docket 1. Counts's claims against the State Defendants[1] were dismissed based on a joint motion. Docket 269. Counts's claims against Aramark Food Services (Aramark) and Summit Food Service (Summit) remain pending. Counts moves for leave to add new facts of violations against Aramark. Dockets 244, 267. Counts also moves for appointment of counsel. Docket 271. Finally, Counts has filed a motion to

---

[1] Docket 269 identifies the State Defendants.

compel against Summit and Aramark. Docket 282. The court now considers these motions.

## I. Counts's Motion for Leave to Add New Facts of Violations Against Aramark (Dockets 244, 267)

Counts's insufficient nutrition condition-of-confinement claim against Aramark survived § 1915A screening. Docket 20 at 61–63. The court denied Aramark's Rule 12(b)(6) motion to dismiss. Docket 265 at 13–15. Counts now moves to add new facts alleging that Aramark has violated his constitutional rights. Docket 244.[2] Specially, Counts alleges that on May 24, 2024, a Department of Corrections (DOC) physician ordered a cardiac/heart healthy diet. Docket 244 at 2; Docket 267 at 3. On July 18, 19, 20, and 21, Counts alleges that he was served meals that did not comply with the cardiac/heart healthy diet order. Docket 244 ¶¶ 8–15. According to Counts, Aramark kitchen staff refused to serve cardiac/heart healthy diet meals because "Aramark foods does not need to follow the medical orders, from the department of correction health staff, and cannot be held liable for anything[.]" *Id.* ¶ 8 (emphasis omitted). In a subsequent filing, Counts alleges that Aramark's refusal to provide a medically ordered cardiac/heart healthy diet is continuing. Docket 261 at 5. Aramark opposes Counts's motion. Docket 251.

### A.  Legal Standard

Because Counts seeks leave to add allegations related to matters that occurred after he filed his fourth amended complaint, *see* Docket 57, the court

---

[2] Docket 244 and Docket 267 are substantially similar, and each requests the same relief. The court will consider these motions together.

construes his motion as a motion for leave to file a supplemental complaint. Federal Rule of Civil Procedure 15(d) provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Supplemental pleadings "deal with events subsequent to the pleading to be altered and represent additions to or continuations of the earlier pleadings." 6A Charles A. Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1504 (3d ed.); *see also United States v. Vorachek*, 563 F.2d 884, 886 (8th Cir. 1977) (per curiam) (stating that a supplemental pleading "is designed to cover matters subsequently occurring but pertaining to the original cause" (internal quotation omitted)). Supplemental pleadings require leave of court under Rule 15(d). Wright et al., § 1504. Whether to grant leave to file a supplemental pleading is left to the sound discretion of the trial court, and such decision will not be disturbed on appeal absent an abuse of discretion. *Minn. Mining & Mfg. Co. v. Superior Insulating Tape Co.*, 284 F.2d 478, 481 (8th Cir. 1960). The standard used by a district court to decide whether to grant leave to file a supplemental complaint is the same standard that applies when deciding whether to grant leave to file an amended complaint. *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996).

**B.     Analysis**

Aramark argue that Counts's motion for leave to file a supplemental complaint should be denied because the new claim he seeks to assert against Aramark is futile. Docket 251. According to Aramark, Counts alleges only that Aramark neglected to provide him a heart healthy meal on three separate occasions. *Id.* at 7. Aramark cites cases holding that allegations that a prisoner on occasion received inadequate or unsatisfactory meals are insufficient to state a claim for violation of the Eighth Amendment. *Id.* at 5–6. But in his proposed supplemental complaint, Counts does not merely allege that he received unappetizing meals or no meals at all. Rather, Counts alleges that Aramark's kitchen staff[3] has intentionally disregarded and continues to disregard a physician's order directing that Counts should receive cardiac/heart healthy meals. Docket 244 ¶¶ 7–15; Docket 261 at 5. Accepting the allegations in Counts's proposed supplemental complaint as true, which the court must do at this stage, Aramark's kitchen staff routinely disregards a physician order, of which they are aware, because they believe that they do not

---

[3] There is no respondeat superior liability under § 1983, but a § 1983 complaint does not need to "specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (citing *Doe ex rel. Doe v. Sch. Dist.*, 340 F.3d 605, 614 (8th Cir. 2003)). If a complaint includes some allegation, reference, or language that creates an inference that the conduct resulted from an unconstitutional policy or custom, then the *Monell* liability claims will survive a motion to dismiss. *Crumpley-Patterson*, 388 F.3d at 591; *see also Doe*, 340 F.3d at 614 ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom."). Counts's proposed supplemental complaint sufficiently alleges that the challenged conduct is the result of an unconstitutional custom or practice.

4

have to comply with DOC physicians' orders and cannot be liable for failing to do so. Counts alleges a widespread, continuing pattern of intentionally providing meals contrary to a physician's order. It is well established that prison officials who intentionally interfere with prescribed medical treatment can be liable for an Eighth Amendment deliberate indifference to a serious medical need claim. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). Because Counts's allegations are sufficient to state a claim for violation of the Eighth Amendment against Aramark, Counts's motion for leave to file a supplemental complaint against Aramark (Dockets 244, 267) is granted.

### C.   Corporate Disclosure Statement

In his second motion for leave to add new facts against Aramark, Counts alleges that he "still has not received Aramark's corporate disclosure statements, showing their interest in Union Supply Company, the supplier for commissary for the entire South Dakota DOC." Docket 267 at 2 (emphasis omitted). Aramark has filed a corporate disclosure statement that complies with Federal Rule of Civil Procedure 7.1 and the District of South Dakota's Local Rule 7.1.1. Docket 130. Counts's request that the court order Aramark to "turn over all corporate disclosure statements[]" is denied.

### D.   Counts's Request for Discovery

The caption of Counts's second motion for leave to add new facts against Aramark includes a request for discovery of evidence. Docket 267 at 1. But it appears that Counts is requesting that the court order preservation of discoverable evidence. *See id.* ¶¶ 5, 6, 7, 8, 11. Counts's claims against the

5

State Defendants, including current and former employees of the DOC, have been dismissed with prejudice. *See* Docket 269. To the extent Counts is requesting that the court order the DOC and/or its employees or agents to preserve evidence, the request is denied because the DOC and its employees or agents are no longer parties to this action.

      To the extent that Counts is requesting that the court order Aramark, a defendant, to preserve evidence, the request is denied. A party has an obligation to preserve evidence when the party knows that the evidence is relevant to future or current litigation. *Blazer v. Gall*, 1:16-CV-01046-KES, 2019 WL 3494785, at *3 (D.S.D. Aug. 1, 2019). "Generally, a defendant's duty to preserve evidence is triggered at the time the case is filed, unless the defendant before that time becomes aware of facts from which it should reasonably know that evidence is be preserved as relevant to future litigation." *Swindle v. Christy*, 2021 WL 5297047, at *9 (W.D. Mo. Mar. 4, 2021) (citation omitted). Regardless of whether the court directs Aramark to preserve the evidence identified in Counts's motion for leave to add facts (Docket 267), Aramark has an obligation to preserve any evidence that is relevant to the current litigation. Further, if Aramark breaches its duty to preserve evidence, the court has authority to impose spoliation sanctions. *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 745 (8th Cir. 2004) (recognizing that a district court's inherent power includes the ability to order an appropriate sanction for spoliation of evidence); Fed. R. Civ. 37(e) (outlining sanctions that may be ordered for failing to preserve electronically stored information). At this stage of

the litigation, the court cannot determine whether all the evidence identified in Counts's motion is relevant to this litigation or available to or under Aramark's control. Thus, Counts's request for a preservation order is denied, but the denial of Counts's motion does not negate Aramark's obligation to preserve evidence relevant to this litigation.

### II.     Counts's Motion for Appointment of Counsel (Docket 271)

Counts moves for appointment of counsel to assist him in prosecuting his claims against Aramark and Summit because he has been moved to the Sioux Falls Minimum Center and that facility has "no Law library, no Legal typing, [and] no phone books[.]" Docket 271 at 1; *see also* Docket 282 at 3. As Counts notes in his motion, prisoners have a constitutional right to access the courts, including adequate law libraries, but "[t]he state has no obligation to 'enable the prisoners . . . to *litigate effectively* once in court.' " *White v. Kautzky*, 494 F.3d 677, 680 (quoting *Lewis v. Casey*, 518 U.S. 343, 354 (1996) (italics in original)). Further, in previous filings in this case, Counts alleged that he has accessed Westlaw using a GTL-tablet issued by the DOC. *See* Docket 1 ¶ 22. In his motion for appointment of counsel, Counts does not contend that he no longer has access to a tablet because he has been moved to a different facility. *See generally* Docket 271.

Although Counts alleges that he does not have access to legal typing, Counts filed two typed motions after he filed his handwritten motion for appointment of counsel. *See* Dockets 287, 292. Even assuming he does not have access to legal typing, Counts is not legally required to type his

7

submissions to prosecute this case or any other claim challenging his conditions of confinement or attacking his sentence. Counts's First Amendment right of access to the courts is "satisfied by providing basic materials, such as ink pens and paper, for the preparation of legal materials." *Roberts v. Cohn*, 63 F. Supp. 2d 921, 924–25 (N.D. Ind. 1999) (citations omitted). Prisoners do not have a constitutional right to possess or use typewriters or computers. *See, e.g.*, *Am. Inmate Paralegal Assoc. v. Cline*, 859 F.2d 59, 61 (8th Cir. 1988) (per curiam) ("Prison inmates have no constitutional right of access to a typewriter[.]"); *Roberts*, 63 F. Supp. 2d at 924 ("It is well established that prison inmates do not have a constitutional right to use or possess typewriters and word processors." (citations omitted)).

     Lack of phone books is not unique to the facility in which Counts is currently incarcerated. When Counts was incarcerated at the South Dakota State Penitentiary (SDSP), he filed a motion requesting that the State Defendants supply an attorney listing. Docket 91. Lack of phone books at the SDSP was one reason Counts argued his motion should be granted. *Id.* The court granted Counts's motion, Docket 220 at 11–12, and ordered two of the State Defendants to make available at the law library at the SDSP in either hard copy or electronic form an attorney listing, *id.* The General Counsel for the DOC has confirmed that an attorney listing is available in the law library at the SDSP. Docket 281. Although Counts is no longer incarcerated at the SDSP, the court hopes that Counts is not denied access to the attorney listing simply because he has been transferred to another facility pursuant to a settlement

8

agreement with the DOC. The court has previously ruled that the dismissal of Counts's claims against the State Defendants does not invalidate or render moot the court's order granting Counts's motion for an attorney listing. Docket 276 at 4–5. For all these reasons, Counts's motion for appointment of counsel (Docket 271; Docket 282 at 3), is denied.

### III.  Counts's Motion to Compel (Docket 282)

Counts moves to compel Aramark and Summit to provide the names of individuals he contends may have some responsibility for his conditions-of-confinement claims arising out of the food he is served. Docket 282. Counts asserts that he has requested these names multiple times, but Aramark, Summit, and the DOC have not responded to his requests. *Id.* at 1–2. Summit and Aramark oppose Counts's motion to compel because Counts's requests were not made in a formal discovery request. Dockets 285, 286.

Federal Rule of Civil Procedure 37 provides that "a party may move for an order compelling . . . discovery." Fed. R. Civ. P. 37(a)(1). A party may move for an order compelling an answer to an interrogatory submitted under Rule 33, a request for production of documents under Rule 34, or an answer to a question during a deposition under Rule 30 or 31. *Id.* at 37(a)(3). The record does not indicate that Counts has served any interrogatories or requests for production of documents on Aramark and/or Summit, and it does not appear that any depositions have been taken. *See generally* Documents 282, 285, 286. Rule 37 does not authorize the court to enter an order compelling a litigant to respond

9

to an opposing party's informal requests for information. Thus, Counts's motion to compel, Docket 282, is denied.

As discovery proceeds, the court reminds the parties that discovery materials must not be filed. *See* D.S.D. Civ. LR 26.1.A. Further, a party may not file a motion to compel unless the party has made a good faith effort to resolve the discovery dispute without court intervention. *See* Fed. R. Civ. P. 37(a); D.S.D. Civ. LR 37.1.

## IV.  Conclusion

For the reasons discussed above, it is ORDERED:

1. That Counts's motion for leave to file a supplemental complaint (Dockets 244, 267) is granted. Aramark is not required to respond to Counts's supplemental complaint. *See* Fed. R. Civ. P. 15(d) ("The court may order that the opposing party plead to the supplemental pleading within a specified time.").

2. That Counts's motion for appointment of counsel (Docket 271) is denied.

3. That Counts's motion to compel (Docket 282) is denied.

Dated December 5, 2024.

                                      BY THE COURT:

                                      /s/ *Karen E. Schreier*
                                      KAREN E. SCHREIER
                                      UNITED STATES DISTRICT JUDGE