UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID L. COUNTS,<br><br>                    Plaintiff,<br><br>      vs.<br><br>KIM HALVERSON, in her individual capacity; ARAMARK FOOD SERVICES, in its official capacity; UNKNOWN DOC EMPLOYEES, in their individual and official capacities; UNKNOWN DEPARTMENT OF HEALTH EMPLOYEES, in their individual and official capacities; UNKNOWN DOC CONTRACTORS, in their individual and official capacities; and SUMMIT FOOD SERVICE,<br><br>                    Defendants. | 4:23-CV-04103-KES<br><br>ORDER ON DISCOVERY MOTIONS |

Plaintiff, David L. Counts, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Docket 1. Counts's claims against the State Defendants[1] were dismissed based on a joint motion. Docket 269. Counts's claims against Aramark Food Services (Aramark) and Summit Food Service (Summit) remain pending. Various discovery motions are pending. *See* Dockets 287, 289, 292, 294. The court now considers these motions.

---

[1] Docket 269 identifies the State Defendants.

I.  **Counts's Motions for Leave to File Discovery Requests (Dockets 287, 292)**

Counts moves for "an order for specific discovery request[s], to be enforced and turned over to [him.]" Docket 287 at 1; Docket 292 at 1. Counts seeks discovery from Aramark, Summit, the Department of Corrections (DOC), and Kellie Wasko, Secretary of the DOC. Dockets 287, 292.

   A.  **Counts's Requests for Discovery from Aramark and Summit**

Summit and Aramark argue that the "relief requested is misguided and procedurally unavailable insofar as written discovery was never served." Docket 290 at 2 (Summit); Docket 299 (Aramark joined Summit's response). A party may serve interrogatories and requests for production on another party without obtaining leave of court. *See* Fed. R. Civ. P. 33, 34. Instead of filing a motion for leave to serve discovery requests on Aramark and Summit, Counts should have served his discovery requests on Aramark's and Summit's counsel. Federal Rule of Civil Procedure 37 permits the court to enter an order compelling a party to respond to written discovery requests, but only in cases in which the party has refused to comply and the parties have been unable to resolve the discovery dispute without court intervention. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). Because it does not appear that Counts served written discovery prior to seeking a court order, an order under Rule 37 compelling Aramark and Summit to respond to the discovery requests incorporated in his motions (Docket 287 ¶¶ 7–21; Docket 292 ¶¶ 5–16) is not appropriate.

But pro se pleadings must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). It is appropriate to construe Counts's motions

(Dockets 287, 292) as interrogatories and requests for production directed to Aramark and Summit.[2] Aramark must respond, in accordance with Rules 33 and 34, to the discovery requests set forth in Counts's motion for leave to file discovery, Docket 287 ¶¶ 7–21. Summit must respond, in accordance with Rules 33 and 34, to the discovery requests set forth in Counts's motion for leave to file discovery, Docket 292 ¶¶ 5–16. The court notes that Summit has agreed to provide Counts with the same information and materials that they produced in other cases in which pro se prisoners raised claims similar to Counts's claims against Summit. Docket 304 at 2. The court has ordered Summit to respond to the discovery requests set forth in Counts's motion for leave to file discovery, and the court declines to issue an advisory opinion discussing whether Summit's offer "to provide focused discovery[]" is sufficient to comply with Rules 33 and 34. *See* Docket 304 at 2.

    **B.**    **Counts's Requests for Discovery from the DOC and Wasko**

In his motions, Counts seeks discovery from the DOC and Wasko. Docket 287 at 1, 3–4; Docket 292 at 1–3. Counts's claims against the State Defendants, including Wasko, have been dismissed with prejudice. *See* Docket 269. Counts is not permitted to serve interrogatories or requests for production on non-parties. Rule 33(a)(1) provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." "Rule 34(a) permits a party to serve on any other party a request for the

---

[2] At this stage of the proceedings, the court need not consider whether any of the discovery requests are beyond the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1) or otherwise objectionable.

3

production of documents or things within that party's possession, custody, or control, while Rule 34(c) provides that a person not a party to the action may be compelled to produce documents and things . . . as provided in Rule 45." *Jones v. Nat'l Am. Univ.*, 06-CV-5075-KES, 2008 WL 4616684, at *1 (D.S.D. Oct. 16, 2008). Counts's motion for leave to seek discovery under Rule 33 or 34 from the DOC and Wasko is denied.

    **C.**    **Counts's Request to Add Wasko and Fluke as Defendants**

Counts seeks to add "department of corrections officials Kellie Wasko and Brent Fluke back in their individual capacity and official capacity." Docket 287 ¶ 22. Counts's alleges that "in Aramark's Brief they contended that the department of corrections directed them to make food that is unhealthy, does not meet calorie count, and not to follow medical diets, and is not certified Kosher." *Id.* ¶ 21 (emphasis in original omitted). Counts acknowledges that he entered into a settlement agreement with the State Defendants that resulted in the dismissal of his claims against these defendants, but he contends that the settlement agreement did not relate to his food claims against Aramark and Summit. Docket 296 ¶ 6. Counts also contends that Fluke and Wasko were not named as defendants on his food claims, but he now seeks to add them based on "new evidence" cited in Aramark's brief. *Id.* ¶¶ 7–8. Fluke and Wasko oppose Counts's motion. Dockets 291, 293.

The parties' settlement agreement is not part of the record, but Fluke and Wasko do not argue that the terms of the settlement agreement preclude Counts from asserting additional claims against them. Fluke and Wasko argue

4

that Counts's motion should be denied because a judgment of dismissal with prejudice was entered in their favor. Docket 291 at 2. Res judicata or claim preclusion applies when "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties . . . ; and (4) both suits are based upon the same claims or causes of action." *Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018) (quoting *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998)). "[W]hether two claims are the same for res judicata purposes depends on whether the claims arise out of the same nucleus of operative fact or are based upon the same factual predicate." *Id.* (quoting *Murphy v. Jones*, 877 F.2d 682, 684–85 (8th Cir. 1989)). If there is a final judgment on the merits, the doctrine of res judicata precludes the parties from relitigating issues that were or could have been raised in the action. *Id.* (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

Although Fluke and Wasko were not specifically named as defendants on Counts's Eighth Amendment condition-of-confinement claim for failing to provide a safe, healthy diet in a clean facility, *see* Docket 1 ¶¶ 327–357, Counts alleged other condition-of- confinement claims against Fluke and Wasko that survived screening. *See* Docket 20 at 78–79. Counts asserts that statements in one of Aramark's briefs is "new evidence" that permits him to assert additional claims against Fluke and Wasko. Docket 296 ¶¶ 7, 8. The record reveals otherwise. In a brief filed on February 29, 2024, almost seven months before the joint motion to dismiss Counts's claims against the State Defendants was filed, Aramark argued that the DOC, not Aramark, specifies the menu provided

5

to inmates and decides which inmates are to receive specific menu options. Docket 129 at 11–12; Docket 268. Thus, Counts could have asserted that Wasko and Fluke were liable for the "food" claims before his other conditions-of-confinement claims against them were dismissed with prejudice. Res judicata precludes Counts from asserting additional claims against Fluke and Wasko that could have been raised before they were dismissed. *See Smith v. Barnett*, 4:20-CV-4066-LLP, 2020 WL 6205760, at *9 (D.S.D. Oct. 22, 2020) (holding that res judicata precludes a second § 1983 action alleging violation of constitutional rights arising from an altercation when a prior § 1983 action alleging violation of constitutional rights from the same altercation had been dismissed because all of the claims alleged in the second action could have been raised in the first action). Counts's motions to assert additional claims against Fluke and Wasko (Docket 287 ¶¶ 22–28; Docket 292 ¶ 19) are denied.

## II.     Aramark's Motion to Depose Counts (Docket 289)

Aramark moves for leave to depose Counts. Docket 289. Generally, leave of court is not required when a party seeks to take a deposition. Fed. R. Civ. P. 30(a)(1). But Federal Rule of Civil Procedure 30(a)(2)(B) provides that leave of court is required "if the deponent is confined in prison." Permitting Aramark to depose Counts is consistent with the Rule 26(b)(1) and (2). Aramark's motion for leave to depose Counts, Docket 289, is granted provided that Aramark arranges for the court reporter to provide to Counts a copy of his deposition transcript for his use during the pendency of this action. Aramark is

responsible for the costs of providing to Counts a copy of his deposition transcript.

### III. Counts's Requests for Depositions (Docket 294)

Counts requests that the court order that he be permitted to conduct fourteen depositions at the federal courthouse in front of the undersigned judge. Docket 294 at 2–3. None of the individuals Counts seek to depose are incarcerated. Thus, Counts does not need to obtain leave of court to take depositions.[3] But Counts must comply with Federal Rule of Civil Procedure 30 to depose defendants and defendants' agents and representatives. If Counts seeks to depose non-party witnesses, he must also comply with Federal Rule of Civil Procedure 45.

To the extent that Counts is requesting that the court assist him in noticing depositions, securing witnesses' attendance, or obtaining and paying for a court reporter, his request is denied. "Granting leave to proceed in forma pauperis does not grant the right to affirmative assistance from the court in conducting discovery or securing a court reporter." *Baker v. Immanuel Med. Ctr.*, 2007 WL 2914547, at *2 (D. Neb. Oct. 3, 2007). Federal Rule of Civil Procedure 30(b)(3) requires that a party seeking to conduct a deposition bear the costs of recording the deposition. While Counts was granted leave to proceed in forma pauperis, 28 U.S.C. § 1915 does not authorize the court to

---

[3] Counts seeks to take more than ten depositions, which may require leave of court if defendants do not stipulate to more than ten depositions. *See* Fed. R. Civ. P. 30(a)(2)(A)(i). If Counts notices more than ten depositions, and the defendants object or move to quash the notices, the court will consider the issue at that time.

7

pay deposition expenses such as court reporter and witness fees. *Baker*, 2007 WL 2914547, at *2 (collecting cases). For these reasons, Counts's request for an order permitting him to conduct depositions (Docket 294) is denied. If Counts wishes to conduct depositions, he may do so, but he must comply with the applicable Federal Rules of Civil Procedure, and he is responsible for securing and compensating the court reporter.

### IV.    Summit's Objection to Depositions (Docket 304)

In response to Counts's motion for leave to conduct discovery, Summit and Aramark argued, without citation to any authority, that the court should "first allow the remaining defendants to file for summary judgment and then, depending on its rulings, decide whether discovery should be allowed." Docket 290 at 2 (Summit); Docket 299 (Aramark). Subsequently Summit filed an objection to Aramark's request to depose Counts (Docket 289) and Counts's request for depositions (Docket 294). *See* Docket 304. Summit requests that "a ruling on the deposition requests be delayed or postponed until the summary judgment deadline has passed, and based on the outcome of those filings." *Id.* at 1–2. Summit and Aramark assert qualified immunity as an affirmative defense. Docket 119 ¶ 15; Docket 219 ¶ 15; Docket 266 ¶ 19. In support of their objection, Summit cites this court's order in a previous case denying the plaintiff's motion to compel and staying discovery until the issue of qualified immunity is resolved. *Hughbanks v. Dooley*, 4:10-CV-04064-KES, Docket 115, 2011 WL 3502484 (D.S.D. Aug. 10, 2011). In *Hughbanks*, the court stated that "[b]ecause qualified immunity protects public officials from discovery,

8

defendants' motion for a protective order and stay of discovery is granted." 2011 WL 3502484, at *1. "The purpose in moving for summary judgment, under the privilege of qualified immunity, is to avoid having government officers subjected to the expense and delay of discovery." *Id.* (quoting *Fitzgerald v. Patrick*, 927 F.2d 1037, 1039 (8th Cir. 1991)). In *Hughbanks*, all the defendants were employees of the DOC.[4] *Id.*

Aramark and Summit are private corporations, and none of their employees are government officials or employees. "[P]rivate individuals, as state actors, are not necessarily entitled to assert the defense of qualified immunity in defending section 1983 claims." *Davis v. Buchanan Cnty.*, 11 F.4th 604, 617 (8th Cir. 2021) (citing *Domina v. Van Pelt*, 235 F.3d 1091, 1096 (8th Cir. 2000)). To determine whether private individuals acting under the color of state law are entitled to assert qualified immunity, the court must apply the factors outlined by the United States Supreme Court in *Richardson v. McKnight*, 521 U.S. 399 (1997) and *Filarsky v. Delia*, 566 U.S. 377 (2012). *Davis*, 11 F.4th at 617. Summit and Aramark have not presented any evidence or argument to permit the court to consider whether they may be entitled to assert qualified immunity as an affirmative defense. Thus, the court will permit Counts to conduct

---

[4] In *Hughbanks*, the DOC defendants had a motion for summary judgment pending when they requested a protective order in response to the plaintiff's motion to compel. Further, before requesting a protective order, the DOC defendants had responded to the plaintiff's discovery "requests that, liberally construed, were related to his claims and not otherwise objectionable." *Hughbanks*, 4:10-CV-04064-KES, Docket 99 at 2–3.

9

discovery, as permitted by the Federal Rules of Civil Procedure and the court's Rule 16 Scheduling Order (Docket 277).

**V.    Conclusion**

For the reasons discussed above, it is ORDERED:

1. That Counts's Motions for Leave to File Discovery (Dockets 287, 292) are granted in part and denied in part. An order under Rule 37 compelling Aramark and Summit to respond to the discovery requests incorporated in his motions (Docket 287 ¶¶ 7–21; Docket 292 ¶¶ 5–16) is not appropriate, but Aramark and Summit must respond to these discovery requests in accordance with Rules 33 and 34. Counts's motion for leave to seek discovery under Rule 33 or 34 from the DOC and Wasko is denied. Counts's motions to assert additional claims against Fluke and Wasko (Docket 287 ¶¶ 22–28; Docket 292 ¶ 19) are denied.

2. That Aramark's motion for leave to depose Counts (Docket 289), is granted. Aramark must arrange for the court reporter to provide to Counts a copy of his deposition transcript for his use during the pendency of this action. Aramark is responsible for the costs of providing to Counts a copy of his deposition transcript.

3. That Counts's motion for an order permitting him to conduct

depositions (Docket 294) is denied.

Dated December 20, 2024.

                            BY THE COURT:

                            /s/ *Karen E. Schreier*
                            KAREN E. SCHREIER
                            UNITED STATES DISTRICT JUDGE