UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID L. COUNTS,<br><br>    Plaintiff,<br><br>vs.<br><br>KIM HALVERSON, in her individual capacity; ARAMARK FOOD SERVICES, in its official capacity; UNKNOWN DOC EMPLOYEES, in their individual and official capacities; UNKNOWN DEPARTMENT OF HEALTH EMPLOYEES, in their individual and official capacities; UNKNOWN DOC CONTRACTORS, in their individual and official capacities; and SUMMIT FOOD SERVICE,<br><br>    Defendants. | 4:23-CV-04103-KES<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SUSPEND DEPOSITION (DOCKET 312) |

  The court granted Aramark Food Services' motion for leave to depose plaintiff, David L. Counts, who is confined in prison. Docket 305 at 6–7. Counts received an amended notice of deposition providing that his deposition will take place on January 30, 2025, at the Jameson Annex. Docket 312 at 2. Counts is currently housed at the Sioux Falls Minimum Center. Counts contends that transporting him to the Jameson Annex for a deposition is not consistent with his medical restrictions. *Id.* at 2–3. Counts requests that the court order that his deposition be held at the Sioux Falls Minimum Center. *Id.* at 3. He also requests that the court suspend his deposition for 90 days to permit him to retain counsel and to permit defendants to respond to his

outstanding discovery requests. *Id.* The court directed Aramark to respond to Counts's motion. Docket 314. The court has considered Aramark's response (Dockets 315, 316), and Counts's motion (Docket 312) is denied for the following reasons.

I.   **Location of Counts's Deposition**

In his motion, Counts requests that the court order that Aramark "can only depose [him] at Sioux Falls Minimum center, where he is housed[.]" Docket 312 ¶ 11. Aramark's response clarifies that the "deposition is scheduled to take place in the 'visit room' at the Sioux Falls Minimum Center." Docket 315 at 3. The amended notice of deposition provides only that the deposition will take place at the Jameson Annex, but the South Dakota Department of Corrections classifies the Sioux Falls Minimum Center as part of the Jameson Annex. *Id.*; Docket 316-2 at 1. Counts's request that the court order that Aramark may only depose him at the Sioux Falls Minimum Center is moot. Aramark may proceed with Counts's deposition in the visit room at the Sioux Falls Minimum Center. Aramark must obtain leave of court if Aramark seeks to change the location of Counts's deposition.

II.  **Aramark's Outstanding Discovery Responses**

Counts contends that his deposition should be postponed because "Defendants have still not turned over any of the discovery [he] requested[.]" Docket 312 ¶ 9. "[D]iscovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3)(B). Further, Aramark states that it timely served responses to Counts's outstanding discovery requests on January

20, 2025. Docket 315 at 6. The record reveals that defendants Summit Food Services, LLC, and Kim Halverson have responded to Counts's discovery requests, although Counts may contend that some of the responses are inadequate. *See generally* Dockets 309, 317. The court declines to postpone Counts's deposition because he alleges that defendants have not responded to his discovery requests.

### III. Counts's Request for Appointment of Counsel

Counts renews his request that the court appoint counsel "to help him with things such as depositions[.]" Docket 312 ¶ 12. The court has denied Counts's previous motions for appointment of counsel. *See* Docket 10; Docket 20 at 81; Docket 41 at 4; Docket 55 at 7–8; Docket 70; Docket 200 at 21–22. At this stage of the litigation, Counts has not articulated any factual or legal basis for the court to reconsider its position.

As Counts notes, the court sustained his objection to the State Defendants' attorney listing and ordered Fluke and Wasko to provide the business address or, if applicable, the mailing address of all active attorneys licensed to practice in South Dakota who are in private practice by January 23, 2025. Docket 308 at 4–5; Docket 312 ¶ 8. The court acknowledges that one week may not provide sufficient time for Counts to contact and obtain an attorney to represent him in this action, especially if Counts requests pro bono representation. But "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In this case, whether Counts will be successful in securing

counsel after Fluke and Wasko comply with the court's January 3, 2025 Order (Docket 308) is speculative.

The court has directed Aramark to provide to Counts, at Aramark's expense, a copy of his deposition transcript. Docket 305 at 6–7. The court is confident that Aramark's counsel will conduct the deposition professionally and within the scope of discovery permitted by Rule 26(b)(1) regardless of whether Counts is represented by counsel. In the unlikely event this does not happen, Counts will receive a transcript of the deposition and may seek relief after the deposition. Thus, Counts will not be unfairly prejudiced if his deposition proceeds as noticed on January 30, 2025, and he is not represented by counsel.

## IV.   Conclusion

For these reasons, it is ORDERED:

1. That Count's motion for court intervention for plaintiff's safety (Docket 312) is denied. Counts's deposition may proceed on January 30, 2025, at 1:30 p.m., in the visit room at the Sioux Falls Minimum Center. Aramark must obtain leave of court if Aramark seeks to change the location of Counts's deposition.

2. That Counts's motion for appointment of counsel (Docket 312 ¶ 12)

is denied.

Dated January 24, 2025.

                              BY THE COURT:

                              /s/ *Karen E. Schreier*
                              KAREN E. SCHREIER
                              UNITED STATES DISTRICT JUDGE