UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID L. COUNTS,<br><br>      Plaintiff,<br><br>vs.<br><br>KIM HALVERSON, in her individual capacity; UNKNOWN DOC EMPLOYEES, in their individual and official capacities; UNKNOWN DEPARTMENT OF HEALTH EMPLOYEES, in their individual and official capacities; UNKNOWN DOC CONTRACTORS, in their individual and official capacities; and SUMMIT FOOD SERVICE,<br><br>      Defendants. | 4:23-CV-04103-KES<br><br>ORDER ON PLAINTIFF'S MOTIONS TO COMPEL, MOTIONS TO ADD DEFENDANTS, MOTIONS FOR SUBPOENAS, AND DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER |

  The court held a discovery status conference on March 10, 2025. Docket 330 at 3; Docket 345; Docket 346 at 1. During the discovery status conference, the court heard argument on Counts's motion to compel Summit Food Service (Summit) to provide more complete discovery responses. Docket 346 at 1. Following the discovery status conference, the court entered an order granting in part and denying in part Counts's motion to compel. *Id.* at 2–4. Counts has filed various motions contending that Summit has not fully complied with the court's order. Dockets 350, 352, 368. Counts also moves for leave to add defendants (Dockets 351, 366) and requests that the court issue subpoenas for production of documents (Dockets 353, 365). Summit moves to amend the

scheduling order to extend the dispositive motion deadline by sixty days. Docket 370.

## I.    Motion to Dispute Docket 317 (Docket 324)

Counts moves to dismiss Docket 317 and to add new facts. Docket 324. Docket 317 is Summit's response to "the various discovery requests made by Plaintiff through his letters and other assorted filings with the Court." Docket 317 at 1. Counts's motion is more properly construed as a reply brief in support of his motion to compel Summit to provide complete responses to his discovery requests (Docket 309). Counts does not need leave of court to file a reply brief in support of a motion to compel. D.S.D. Civ. LR 7.1(B) (providing that a moving party "may file a reply brief within 14 calendar days after service of the responsive brief"). Further, the court considered Counts's reply when the court granted in part and denied in part Counts's motion to compel (Docket 309). Docket 346 at 2. For these reasons, Counts's motion to dispute Docket 317 and to add new facts (Docket 324) is denied as moot.

## II.    Motions for Discovery Sanctions (Dockets 350, 352, 368)

Counts moves to dispute the supplemental discovery responses Summit served after the court granted in part and denied in part his motion to compel Summit to provide more complete discovery responses. Dockets 350, 352. Counts contends the Summit produced invoices that are falsified, incomplete, and of little value. Docket 350 ¶ 5; Docket 352 ¶ 5. Counts also requests that the court order an extension of time to permit the DOC to assemble emails and grievances. Docket 350 ¶ 10. Counts "disputes all of summits [sic] response to

2

discovery request and is requesting court intervention." Docket 352 ¶ 18 (emphasis in original omitted). Summit construed Counts's motions as motions for an order compelling or requiring further discovery responses and opposes Counts's motions. Dockets 354, Docket 357.[1] Counts also filed a motion for court intervention requesting that the court direct Summit to "disclose all of the names[,] addresses[,] and phone numbers of all their food vendors that have delivered food to [MDSP]" since January 2020. Docket 368 ¶ 6. Summit opposes Counts's motion, contending that it has "invested considerable time and resources into compiling and searching through electronic communications and data to produce materials as required under the Court's March 11, 2025, Order." Docket 370 at 1.

     Federal Rule of Civil Procedure 37(b)(2) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P 37(b)(2). It appears that Summit, in accordance with the court's order granting in part and denying in part Counts's motion to compel (Docket 309), has served supplemental responses, but Counts challenges the sufficiency of the responses. *See.e.g.*, Docket 350 ¶ 5; Docket 354 at 1. Summit's supplemental responses are not part of the record, so the court

---

[1] When Counts responded to Summit's opposition to his motions to compel discovery, Counts captioned his responses as motions for leave to dispute Summit's filings. See Dockets 360, 362, 367. Because Counts does not need leave of court to file a reply brief in support of a motion to compel, his motions for leave to dispute Summit's filings, Dockets 360, 362, and 367, are denied as moot, but these filings will remain part of the record because reply briefs are permitted by the District of South Dakota's local rules.

cannot consider the sufficiency of the responses. *See* D.S.D. Civ. LR 26.1(C) (requiring that "[a]ny portions of discovery materials necessary for the disposition of any motion filed (with relevant portions highlighted or underlined) must either be attached as an exhibit to the party's brief in support of such motion or attached to the party's affidavit filed with the brief"). Additionally, Counts has not complied with LR 37.1, which requires that "[a] party filing a motion concerning a discovery dispute must file a separate certification describing the good faith efforts of the parties to resolve the dispute." D.S.D. Civ. LR 37.1. For these reasons, Counts's motions to compel (Dockets 350, 352, 368) are denied without prejudice. *See Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) (holding that a district court did not abuse its discretion in denying a motion to compel when the moving party does not make a good faith effort to resolve the issue without court intervention). The court will allow Counts 30 days to file a motion to compel that complies with LR 26.1(C) and LR 37.1. If Counts chooses to file a motion to compel, his motion must identify the specific portion of the order granting in part and denying in part his motion to compel (Docket 346 at 3–4) that Counts contends Summit has not complied with, describe in detail why any supplemental response Summit has served does not comply with the court's order, provide a copy of Summit's supplemental response or responses, and outline in detail his

efforts to resolve the issue with Summit without court intervention.[2] Counts must file any motion to compel by **June 30, 2025**.

### III.  Motions to Add Defendants (Dockets 351, 366)

Counts moves for leave to add defendants. Dockets 351, 366. Specifically, Counts wants to add Summit executives he alleges are personally responsible for food service. Docket 351 at 1; Docket 366 at 1. Summit opposes Counts's motions. Docket 355; Docket 370. The deadline to move to join additional parties and to amend the pleadings was May 15, 2025. Docket 346 at 8. Counts's motions to add defendants were timely, but Counts did not provide a proposed amended complaint outlining the claims against each of the individual defendants he seeks to add. *See* D.S.D. Civ. LR 15.1 ("any party moving to amend or supplement a pleading must attach a copy of the proposed amended pleading to its motion to amend"); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504–05 (8th Cir. 2013) (per curiam) (stating that the Eighth Circuit has "repeatedly held that a district court does not abuse its discretion in denying leave to amend when the party seeking leave has failed to follow

---

[2] In a reply brief, Counts states that he "has tried to contact defendant[']s coun[sel] on several occasions to get the discovery he requested, and to try and resolve this case, [but] was told by defendants they would not speak with him[.]" Docket 360 ¶ 11. In a letter to the court, Counts states that defendants' counsel has not responded to his letters regarding settlement and refuses to take his calls. Docket 363. Whether Summit and/or its counsel elect to participate in settlement discussions with Counts is not a matter for the court provided that Summit's counsel has, as ordered by the court, contacted a magistrate judge to discuss Summit's position. *See* Docket 346 at 8. But LR 37.1 requires that Summit's counsel communicate with Counts regarding the sufficiency of Summit's supplemental discovery responses and attempt to resolve any issues without court intervention.

5

procedural rules or failed to attach the proposed complaint"). Because Counts did not comply with LR 15.1, Counts's motions to add defendants (Dockets 351, 366) are denied without prejudice, but the court will allow Counts 30 days to refile a motion to amend the complaint to add defendants and to attach a proposed amended complaint that complies with LR 15.1. Counts must refile his motion to amend the complaint to add defendants by **June 30, 2025**.

"[A]n amended complaint supercedes [sic] an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). Only the claims that Counts seeks to bring against Summit and the executives identified in Dockets 351 and 366 should be included in his proposed amended complaint adding defendants. Counts should *not* include any claims against other defendants that have been dismissed pursuant to a settlement agreement or any claims that this court has previously ordered be dismissed as futile or otherwise.

## IV.    Motions for Subpoenas (Dockets 353, 365)

Counts has filed two motions for subpoenas. Counts requests that the court issue a subpoena directing Cashway Foods of Kearney, Nebraska, to provide invoices for food purchased by Summit Foods for the years 2020 to 2022. Docket 353; Docket 353-1. Counts also requests that the court issue a subpoena directing the Department of Corrections to produce complaints/grievances, work orders/invoices, e-mails, letters, and health code violations concerning Summit a/k/a CBM Foods a/k/a Catering by Marlins for MDSP from January 1, 2020, to January 1, 2023. Docket 365 at 2. Counts

6

requests that the court direct the USMS to serve each of the subpoenas he has requested. Docket 353 at 2; Docket 365 at 3. Summit opposes Counts's motions and argues that the subpoenas are unnecessary. Dockets 357, 370.

Federal Rule of Civil Procedure 45(a)(1) provides that

Every subpoena must:

    (i)    state the court from which it is issued;

    (ii)    state the title of the action and its civil-action number;

    (iii)    command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

    (iv)    set out the text of Rule 45(d) and (e)

Fed. R. Civ. P. 45(a)(1). Counts's proposed subpoenas do not specify the time and place for production of the designated documents or set out the text of Rule 45(d) and (e). Thus, Counts's motions for subpoenas (Dockets 353, 365) are denied without prejudice. If he chooses, Counts may refile motions for subpoenas and attach proposed subpoenas that comply with Rule 45(a)(1). Counts must refile his motions for subpoenas by **June 30, 2025**.

### V.    Motion to Amend Scheduling Order (Docket 370)

Summit moves to amend the scheduling order to extend the dispositive motion deadline by sixty (60) days. Docket 370 at 2. Summit requests additional time to prepare a motion for summary judgment because of the time Summit has devoted to complying with the court's order dated March 11, 2025 as well as deadlines and commitments in other cases. *Id.* Summit has also

advised the court that it does not have any objection to an extension of the discovery deadline. Good cause appearing, Summit's motion to amend the scheduling order (Docket 370) is granted.

## VI.  Conclusion

For these reasons, it is ORDERED:

1. That Counts's motion to dismiss docket 317 and to add new facts (Docket 324) is denied as moot.

2. That Counts's motions for leave to dispute Summit's filings (Dockets 360, 362, 367) are denied as moot.

3. That Counts's motions to compel (Dockets 350, 352, 368) are denied without prejudice. If Counts chooses, he may file a motion to compel that complies with LR 26.1(C) and LR 37.1 on or before **June 30, 2025**.

4. That Counts's motions to add defendants (Dockets 351, 366) are denied without prejudice, but Counts may file a motion to amend the complaint to add defendants (with a proposed amended complaint that complies with LR 15.1) on or before **June 30, 2025**.

5. That Counts's motions for subpoenas (Dockets 353, 365) are denied without prejudice. If Counts chooses, he may file motion(s) for subpoena(s) on or before **June 30, 2025**. The Clerk of Court is directed to provide to Counts a copy of Federal Rule of Civil Procedure 45 and Form AO 88B (Subpoena to Produce Documents,

Information, and Objects or to Permit Inspection of Premises in a Civil Action).

6. That Summit's motion to amend the scheduling order (Docket 370) is granted. The court's previous scheduling order (Docket 346) is amended as follows:

   a. All discovery, including expert discovery, shall be commenced in time to be completed by **July 15, 2025**.

   b. Counts shall have until **June 30, 2025** to move to join additional defendants.

   c. Unless otherwise ordered, all motions, other than motions in limine, together with supporting briefs, shall be filed and served on or before **July 30, 2025**; that opposing parties shall file and serve answering materials and briefs on or before **August 20, 2025**; and reply briefs shall be filed and served on or before **September 3, 2025**.

   d. All other provisions of the court's previous scheduling orders remain in effect unless specifically changed herein.

Dated June 2, 2025.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE